THE PEOPLE OF THE STATE OF ILLINOIS EX REL.

v.

JAMES HASTINGS.

MANDAMUS—SUFFICIENCY OF PETITION.—Where the relator in his petition for a mandamus, showed that he had a contract with the city of M. to furnish lumber; that on such contract he had furnished lumber to a certain amount for which a bill had been audited, allowed and ordered paid by the common council, and that the clerk of the city had drawn a warrant on the treasurer for the amount; and charged that the mayor refused, without a valid reason therefor, to sign said warrant, held, that the petition stated sufficient to entitle him to the relief prayed.

APPEAL from the Circuit Court of LaSalle county; the Hon.

The People v. Hastings.

GEO. W. STIPP, Judge presiding.   Opinion filed February 14, 1880.

Messrs. BLANCHARD & BLANCHARD, for appellant, cited The People ex rel. v. Village of Crotty, Ill. Sup. Ct. September 1879; High's Extraordinary Legal Remedies.

PILLSBURY, P. J.   The relator filed his petition in the Circuit Court of LaSalle county, against the defendant, James Hastings, in which it is alleged that he entered into a contract with the city of Mendota to furnish the said city with lumber, and that under such contract he furnished such lumber to the amount of $198.84, and that the city received and used the same.   Further, that at a regular stated meeting of the city council, held on the 7th day of October, 1878, he presented his bill, which was allowed by the council, and said sum ordered to be paid; and thereupon the clerk of said city drew a warrant upon the city treasury in his favor, for the said sum thus allowed and specified therein for what purpose the sum was to be paid; that the relator presented said warrant to the defendant, who was then and still is mayor of the city, to have the same signed by said defendant, but that the defendant refused to sign the same or any other warrant in favor of the relator without any valid or reasonable excuse therefor, by reason of which action of the mayor, the relator has been unable to obtain the payment of said bill, and that the same still remains unpaid. The relator asks that a writ of mandamus issue to compel said defendant to sign the warrant aforesaid for said amount in his favor.

The defendant being served with summons, appeared and filed an answer to said petition, and the relator interposed a demurrer thereto, which the court carried back and sustained to the petition, and the relator abiding by his petition, judgment for costs was rendered against him, and he brings the case here by appeal.

The only question before us is whether the petition is sufficient upon its face to require it to be answered by appellee.

By the tenth section of article four of the charter of the city

of Mendota, Private Laws 1867, Vol. I, p. 502, it is made the
duty of the clerk to draw and countersign all warrants on the
city treasury, and by section twelve of the same article it is
provided that "all moneys shall be drawn from the treasury in
pursuance of an order of the city council by a treasury war-
rant, signed by the mayor and countersigned by the clerk:
such warrant shall specify for what purpose the amount there-
in named is to be paid."

From this statute it would appear that it is the duty of the
mayor to sign all proper warrants drawn by the clerk when
ordered by the city council, and if he refuses so to do he should
be ready to furnish some excuse for such neglect of duty.

We have not been furnished with any brief by the appellee
informing us wherein he considers the petition defective; and
upon a careful consideration of its averments, we are unable to
see wherein it fails to state sufficient grounds for the writ
prayed.

The act required of the defendant did not involve any ele-
ment of discretion upon his part, but was a mere ministerial
duty imposed upon him by statute, and in such case man-
damus will lie to compel a performance of such duty.

The city having received and used the lumber, and the coun-
cil having audited the account and fixed the amount to be paid,
and ordered a warrant to issue therefor to relator, and such
having been drawn by the clerk and presented to the defend-
ant, shows a *prima facie* right in the relator to have the
defendant perform his duty; and upon refusal so to do without
reasonable excuse, he will be compelled to perform it by man-
damus.    People v. Palmer, 52 N. Y. 83; State of Missouri v.
Treasurer, 43 Mo. 228; People v. Auditors, 5 Mich. 223; State
v. Buckles, 39 Ind. 273; Apgar v. Trustees, 5 Vroom, 308.

If mandamus was a proper remedy to enforce the perform-
ance of a duty under such circumstances, when a relator was,
by the law applicable to the issuing of such writ, compelled to
show that he had no other adequate remedy, it must cer-
tainly be held that it will clearly lie in this case as our statute
has placed mandamus upon an equality in that regard with
other actions at law, and now we cannot dismiss the petition

nor deny the writ because the petitioner may have another specific legal remedy, if we can see that the "writ-will afford a proper and sufficient remedy." Rev. St. 1874, p. 692, § 9.

We do not now decide that a mayor of a city would be obliged to sign a warrant if it was based upon an illegal account and audited by the council, through mistake or otherwise, or given for a purpose prohibited by law, but leave such questions to be determined when they shall properly arise upon the record.

For the error of the court in sustaining the demurrer to the petition, the judgment of the court below will be reversed and cause remanded.

Judgment reversed.