## Benjamin Frederick, etc., Mayor, v. The People ex rel. Sun Electric Light & Power Co.

1, CONTRACTS—*Of Municipalities.*—The rules governing the contracts of municipalities are not unlike those governing individuals or private corporations, so long as the matter is within the power of the municipality to contract.

2. CITIES AND VILLAGES—*Warrants for Lights Furnished Under an Illegal Contract.*—Where an electric light company furnished light for lighting the streets of a city and presented its claims therefor and the city council audited them knowing that the claimant had furnished the lights for the time in question under a contract with the city, and ordered warrants issued for the payment of such claims, it is the duty of the mayor to sign such orders, although the original contract for such lighting may have been invalid.

3. RATIFICATION—*Of the Executed Part of an Invalid Contract.*—A city council may ratify the executed part of an invalid contract for lighting the streets and order warrants to issue to pay for lights furnished, even though it has declared the contract under which such lights were furnished invalid.

**Mandamus.**—Appeal from the Circuit Court of Tazewell County; the Hon. LESLIE D. PURTERBAUGH, Judge, presiding. Heard in this court at the November term, 1898. Reversed and remanded. Opinion filed June 3, 1899.

ELLWOOD & MEEK and T. N. GREEN, attorneys for appellant.

IRWIN & SLEMMONS and J. W. DAUGHERTY, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was a petition filed in the Circuit Court of Tazewell County, in which the appellee sought by mandamus to com-

pel the appellant, as mayor of the city of Washington, in that county, to sign three city warrants that had been issued by the city clerk to the relator (The Sun Electric Light and Power Co.) by order of the city council of that city, in payment of its claims for lighting the streets of that city with electric lights during the months of May, June and July, 1898, under what is averred to have been a valid contract with the city for that purpose.

It is further averred that bills against the city for such lighting had been presented by relator to the council, which were by it allowed, and three warrants ordered to be issued to relator therefor, each being for $101.20; and that relator had requested the appellant as mayor to sign same, but he refused to do so.

To this petition the appellant filed an answer in which he sought to justify his refusal to sign the warrants on the ground that the contract between the city and the relator, under which the lighting was done, was made in 1895; and, as it professed to authorize the relator to light the streets for the six years then next ensuing, it was void, because extending for a time beyond the terms of the then members of the city council; and also upon the further ground that the city council, by resolution properly passed at its regular meeting in March, 1898, had declared said contract ended and to be void from and after May 1st, 1898; and although at its meeting in June, 1898, it had rescinded its resolution and declared the contract of 1895 to be in full force and effect, yet that did not make the contract valid. To this answer the appellee filed a demurrer, which the court sustained, in so far as it related to the June and July warrants, but overruled it as to the May warrant. Each party abided by their pleading and the court ordered a peremptory writ of mandamus to issue, requiring the appellant, as mayor, to sign the warrants for the lighting done in June and July. Appellant and appellee both excepted to the order, and each prayed an appeal to this court.

The appellant prosecutes this appeal and insists the Circuit Court erred in sustaining the demurrer to his answer

as to the warrants for June and July; and the appellee assigns as a cross-error the overruling of its demurrer to the answer as to the warrant for May.

The pleadings aver that the warrants in dispute were issued to the relator by order of the city council, in payment of their claims against the city, presented to the city council for street lighting that had been already furnished; and that the city council had audited these bills or claims, knowing that the relator claimed to have furnished the lights for the time in question under a contract with the city which relator then insisted was valid.

Without any reference to whether the executory part of the contract of 1895 is or is not valid, it appears that only the executed part of that contract is involved in this case. The city council, as constituted in 1898, when the street lighting in question was furnished, had the power to contract and pay for such lighting; and by his answer to the petition, the appellant admits the city council, after the lighting for each of the months in question had been furnished by the relator under the claim that the contract of 1895 was in force, audited the claims or bills of relator therefor and ordered the three warrants issued in payment thereof.

This, we think, was a ratification of so much of the contract of 1895 as was executed in May, June and July. (See East St. Louis v. East St. Louis Gas Light & Coke Co., 98 Ill. 415, and cases therein cited.) And as the city council ordered the warrants issued to relator in payment of these claims, it was the plain duty of the appellant to sign each of them on demand.

The amended petition, which was the one answered, further averred that provision had been made in the annual appropriation ordinance for the fiscal year in which the electric lights in question were furnished for paying for lighting the streets for the time in question, which was not denied by the appellant in his answer. The city council therefore is shown to have had the power and the means to contract and pay for having the streets lighted for the

time in question; and as it was admitted that the relator had furnished the lights and insisted it had a valid claim against the city, on that account, for $101.60 for each of those months, which the city council audited, allowed and ordered warrants to be issued in payment therefor; in the absence of any fraud being claimed, these facts made the warrants valid by way of a settlement of a disputed claim against the city; for which reason also it was the duty of the appellant, as mayor, to sign the warrants.

We therefore think the Circuit Court erred when it overruled the demurrer to the answer, in so far as it related to the warrant for May, for which reason we reverse the judgment and remand the case to that court, with directions to sustain the demurrer to the answer *in toto*, and then proceed in this case as to law and justice appertain. As the record is free of the error claimed by the appellant, but does contain the error contended for by the appellee under the cross-error assigned, we order the costs in this court taxed to the appellant. Judgment reversed and case remanded with directions.