## John W. Cassidy, Appellee, v. M. E. Kirkpatrick, Mayor of Granite City, Illinois, Appellant.

1. MUNICIPAL CORPORATIONS—*what is object of statute as to causing publication of treasurer's report.* The object of Hurd's Rev. St. ch. 24, sec. 97 (J. & A. ¶ 1369), providing for the making of reports to a City Council of receipts and expenditures as from time to time required and also for an annual report, and that the clerk shall immediately cause the report to be published in a newspaper in the city, if there is one, and, if not, then by posting the same at a public place in the clerk's office, is to secure a publication of such report that the inhabitants may know how the expenditures have been made, and the city clerk is only a means for causing such publication, and the fact that a contract for printing is made by a printing committee is immaterial.

2. MANDAMUS, § 74*—*when mayor compelled to sign warrant for publication of treasurer's report.* Where the publication of a city treasurer's report is authorized by law and the city has received the benefit thereof and the bill therefor has been approved by the City Council and a warrant issued by the clerk, as ordered by the council, and presented to the mayor, in the absence of fraud a prima facie duty upon the mayor's part to sign the warrant is shown, and, upon his failure to sign, he will be compelled to perform his duty by mandamus.

Appeal from the City Court of Granite City; the Hon. M. R. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 16, 1918.

HARRY FAULKNER, for appellant.

J. M. BANDY, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

The City Council of Granite City directed a warrant to be drawn in favor of the appellee for $300 awarded to him as services for the publication of a treasurer's report. The warrant was issued and signed by the city

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

clerk but appellant as mayor refused to sign same, and this action of mandamus was brought against him to compel him to execute the warrant. The court below directed the execution of the warrant and this appeal is prosecuted to reverse that order.

The petition as amended sets forth that the appellee was the owner and publisher of a newspaper in the City of Granite City. It alleges that the city is a municipal corporation and that M. E. Kirkpatrick is the acting mayor of said city. It sets forth the number and names of aldermen, the name of the city treasurer, whose time expired April 30, 1917, and also the name of the city clerk. It alleges that the city treasurer, as required by law, made out and filed with the city clerk his annual report as such treasurer of the city for the fiscal year ending April 30, 1917. The petition further alleges that the City of Granite City made its annual appropriation for the fiscal year ending April, 1918, and in said appropriation $1,000 was set apart and appropriated for printing purposes.

The petition further states that it is the duty of the city to examine said annual report of the treasurer and, if correct, to approve said report and to have the same published in some newspaper of the city, if there be one. It further alleges that the City Council approved said report and ordered a printing committee to have said report published in the newspaper, and that the printing committee authorized the appellee to print the report, and that the report was printed by him and that his charge for the work was $300. That the same was published at the lowest figure possible to obtain, and the lowest offer by any other paper. The petition further alleges that after said publication had been examined and approved by the City Council that a warrant for $300 was directed to be drawn in appellee's favor. That it was accordingly so drawn and was signed by the city clerk but that the appellant as mayor refused to sign the said warrant; and then asks that

he be required to execute the warrant as required by law.

To this amended petition the appellant filed a demurrer. Upon a hearing the court overruled the demurrer and the appellant elected to abide by the demurrer and judgment was rendered upon the demurrer in favor of the appellee.

The only questions argued and insisted upon by counsel are, that the publication was made by order of the City Council through its committee; that the same was not in accordance with the provisions of the statute and counsel for appellant relies upon section 97 of chapter 24 of Hurd's Rev. St. (J & A. ¶ 1369) as authority for requiring the publication to be made by the clerk, and insists that before the publication can be a lawful one that the clerk must have caused its publication. The statute referred to is as follows: "The treasurer shall report to the city council or board of trustees, as often as required, a full and detailed account of all receipts and expenditures of the corporation, as shown by his books, up to the time of said report; and he shall, annually, between the first and tenth of April, make out and file with the clerk a full and detailed account of all such receipts and expenditures, and of all his transactions, as such treasurer, during the preceding fiscal year, and shall show in such account the state of the treasury at the close of the fiscal year; which account the clerk shall immediately cause to be published in a newspaper printed in such city, if there be one, and if not, then by posting the same in a public place in the clerk's office." The object of this statute is to secure a publication of such report of the treasurer that the inhabitants may know how the money may have been expended, and the city clerk is only made a means or instrument for causing such publication, and the fact that he may have caused its publication, or that some other officer of the city may have done so, could, in our judgment, make no differ-

ence.  The clerk was not authorized to pay or make any contract for the payment for such publication, but its payment must be made by the City Council.  The work of the clerk was merely clerical.  If the clerk had made a contract for publication which was exhorbitant then the City Council could have only been required to have paid a reasonable compensation for the work.  The publication of the report was a matter authorized by law to be done, and the City Council has the power to control the finances of the city and direct where and when payments may be made from its treasury.  The manner or means whereby the making of the publication is accomplished cannot, in our judgment, be at all material if no fraud has been practiced.  The City Council ordered the publication to be made and received the benefit of it.  We do not believe that where correctness of the bill has been tested and approved by the City Council, and no fraud shown to have been practiced, and the publication itself having been authorized by law, that the mayor should be permitted to say it should not be paid.  The city having received the benefit of the publication, and having audited the account, and ordered the warrant to issue therefor, and such having being drawn by the clerk and presented to the defendant, shows a prima facie right in the appellee to have the defendant perform his duty, and upon refusal so to do, without reasonable excuses, he will be compelled to perform it by mandamus.  *People v. Hastings,* 5 Ill. App. 436.  Where the City Council had the power and the means to contract and pay for such publication, and the publication had been furnished, the bill audited and allowed and warrants ordered to be issued in payment therefor, "In the absence of any fraud being claimed, these facts made the warrants valid by way of a settlement of a disputed claim against the city; for which reason also it was the duty of the appellant, as mayor, to sign the warrants." *Frederick v. People,* 83 Ill. App. 89, 92.

Counsel for appellant, in his argument cites in support of his position the case of *Roemheld v. City of Chicago,* 131 Ill. App. 76. We do not regard this case as of benefit to the appellant, as there the work performed was held not to be within the contract but the work for which payment was sought to be recovered was extra and not contracted for, but, upon the other hand, there was a clause in the contract itself which restricted the liability of the municipality. Also the case of *Hope v. City of Alton,* 214 Ill. 102, is relied upon, but the court in that case also held that the work performed was in violation of an ordinance of the City of Alton, and payment for such work was actually prohibited by such ordinance; and while the Supreme Court in that case recognized that when a city gets what it had authority to have, in some way it should pay for what it received, whether it exercises the power in the prescribed way or not; it avoids this rule by the statement that the contract sued upon was prohibited by a valid ordinance.

The City Council had authorized the publication in this case, the work had been done to the entire satisfaction of the council, the clerk had also approved the work, and we believe that it would be very technical and manifestly unjust to permit appellant to deprive the appellee of his just compensation for the services rendered by him by arbitrarily refusing to sign the warrant.

The judgment of the lower court is affirmed.

*Judgment affirmed.*