(Nos. 12436-12437.—Judgment affirmed.)

St. Hedwig's Industrial School for Girls, Appellee, *vs.* The County of Cook, Appellant.—Polish Manual Training School for Boys, Appellee, *vs.* The County of Cook, Appellant.

*Opinion filed October 27, 1919.*

1. Constitutional law—*act requiring county to pay for maintenance of girls at industrial schools does not violate constitution.* Section 9 of the act requiring the county to pay $15 a month for the care of dependent girls at industrial schools, (Hurd's Stat. 1917, p. 2705,) does not violate that section of the constitution prohibiting a donation of public funds to denominational institutions, although the schools to which the girls are sent are conducted by religious denominations, where said sum is less than the actual cost for the care of the girls at such institutions and at the State institutions. (*Dunn* v. *Chicago Industrial School,* 280 Ill. 613, followed.)

2. Same—*act for care of girls at industrial schools does not impose a tax for local purpose.* Section 9 of the act requiring the county to pay for the care of dependent girls at industrial schools does not violate section 10 of article 9 of the constitution, providing that the General Assembly shall not impose taxes upon municipal corporations for corporate purposes, as such expense is not only for a local purpose but is also a means of discharging obligations resting upon the State.

3. Same—*when General Assembly may impose tax on municipality.* Section 10 of article 9 of the constitution prohibits the General Assembly from creating debts against a municipal corporation

only for purposes which are purely corporate, and does not prohibit the imposition of such taxes in the performance of duties which relate to the general welfare of the State or which may be performed by the municipal corporation as an agency of the State.

4. SAME—*a county is an agent of the State in the exercise of the police power.*  A county is a mere agent of the State, and the power of the General Assembly is paramount over the property of citizens in such political subdivisions as to all provisions for the exercise of the police powers.

5. SCHOOLS—*charge for the care of dependent girls in industrial schools is claim fixed by law, for which suit may be brought against county.*  The sum of $15 per month to be charged against a county under section 9 of the act for the care of dependent girls at industrial schools is a definite claim fixed by law, for which the county should make an appropriation according to the number of dependents cared for, and for which suit in assumpsit may be brought against the county by the schools to which the girls are sent.

6. MUNICIPAL CORPORATIONS—*limitation on power to levy is not necessarily a limitation on power to contract a debt.*  A limitation on the power of a municipality to levy taxes is not necessarily a limitation on the power to contract a debt.

7. SAME—*assumpsit may be brought against a municipality for failure to perform duty enjoined by law.*  In legal contemplation a municipality assumes to perform whatever duty the law enjoins upon it, and assumpsit lies upon all such implied contracts that are broken.

8. COUNTIES—*legal claims fixed by law cannot be defeated by failure to make appropriations.*  Neither section 2 of the Juul law nor the provisions of paragraph 6 of section 61 of the act requiring the county commissioners of Cook county to adopt an annual appropriation bill can have the effect of defeating legal claims fixed by law, where the county board fails to do its full duty in allowing and paying the same, and a failure to make an appropriation in any year will not relieve the county of the obligation to provide for such payment by an appropriation in some succeeding year.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

MACLAY HOYNE, State's Attorney, (CHARLES CENTER CASE, JR., and JOHN E. FOSTER, of counsel,) for appellant.

HURLEY & BAER, (TIMOTHY D. HURLEY, of counsel,) for appellees.

289 — 28

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellees, the St. Hedwig's Industrial School for Girls and the Polish Manual Training School for Boys, brought separate actions in assumpsit in the circuit court of Cook county against appellant, the county of Cook, to recover charges for the unpaid tuition, maintenance and care of dependent children committed to said schools by the juvenile branch of said circuit court in the years 1915, 1916 and 1917. The cases were consolidated for a hearing in the lower court and the trial was had before the court without a jury, and propositions of law were submitted properly raising all questions of law contended for by appellant as governing the cases. Judgment was rendered in favor of the St. Hedwig's Industrial School for Girls in the sum of $20,295.75 and in favor of the Polish Manual Training School for Boys in the sum of $11,934.13. This appeal is prosecuted direct to this court on the ground that the validity of statutes was properly raised by the issues in the lower court.

There is no controversy over the facts. The stipulated and proved facts, so far as material to the legal questions raised, are the following: Appellee the St. Hedwig's Industrial School for Girls owns and conducts in the county of Cook an industrial school for girls, and duly organized for that purpose under an act entitled "An act to aid industrial schools for girls," in force July 1, 1879, as amended. During the years 1915, 1916 and 1917 numerous girls duly adjudged dependent by the circuit court (juvenile branch) of said county were committed by said court to said school under and by virtue of the provisions of said Industrial School act, for all of whom appellee furnished and supplied tuition, care and maintenance during all of said years at a per capita cost of $15 and more per month for each girl. Appropriations were duly made by appellant for the year 1915 in the sum of $27,000, which sum was paid out by

appellant to appellee, leaving a balance unpaid for that year on appellee's claim aforesaid of $4353.25. For the year 1916 appellant appropriated and paid to appellee upon its claim the sum of $30,500, leaving a balance due appellee for that year of $7720.50. For the year 1917 appellant appropriated and paid to appellee on its claim the sum of $27,500, leaving due it for that year $8222. The several amounts appropriated and paid by appellant to appellee for said years were estimated by the county board of appellant to be sufficient to pay appellee for all girls committed, as aforesaid, at the rate of $15 per month for each girl,—the sum charged by appellee in this claim,—but the appropriations were insufficient to pay the same as above shown, and appellant has failed to make, and has not at any time made, any other or further appropriations or payments to appellee. The board of commissioners of appellant in the first quarter of all said fiscal years also made appropriations for all other purposes for which it was required to raise and collect revenues, and specified the several objects and purposes for which the appropriations were made and the several amounts for each object and purpose. Said appropriations consisted of appropriations for all definite charges imposed upon the county by statute and for all charges imposed by statute the aggregate amount of which is not fixed by statute, and appropriations for all other liabilities and expenses deemed necessary by the board to be paid by the county or that were incurred by it for those years, so far as the assets and resources of the county would permit, and that the limit of taxes allowed by law was so levied and collected by it, and that all of such taxes and resources of the county have been collected and exhausted in the payment of such appropriations; that the same things were done for the year 1918, and that all the taxes and resources of the county for that year have been paid out except what is especially limited and required for appellee's claim and for other appropriations for that year. Said appropria-

tions included for cost of publication of assessment lists for 1915 and 1916 an amount in excess of the amount appellee seeks to recover in this suit for those years and to the amount of $5000 for 1917. They also included an amount for contingent fund in 1915 of $7127.58, and for contingent fund in 1916 and 1917 amounts in excess of appellee's claim for those years. Said appropriations included an amount for building fund in each of the years 1915, 1916 and 1917 in excess of appellee's claim. In all of the said years appellant made appropriations for nine other industrial schools for girls. In none of said years did the county provide or maintain any institution or place to which girls adjudged dependent must be lawfully committed. In none of those years did the State of Illinois have or maintain such an institution or place, except the State institution at Geneva. The children for whose care and maintenance appellee sues were committed by the circuit court to appellee's school from time to time during the latter months in 1915, 1916 and 1917 upon petitions filed by responsible citizens, usually a probation officer, in which proceedings the president of the board of commissioners of appellant was notified and in which he entered his appearance. The court found and decreed in each case that the child committed to the institution was dependent and was made a ward of the court. The children thus committed to this school are taught the regular branches up to the eighth grade, and in addition thereto. they are given industrial training. They also are given, without extra charge, the attention of expert dentists and physicians, who look carefully after their teeth and their health, and render such professional services to them as may be necessary or beneficial, according to the very best known methods. They are also placed in good homes after they leave this school, and are reported as so placed to the State Board of Visitation, which visits them at their homes. Appellee's institution was built by private contributions, neither the county nor the State having con-

tributed anything thereto, and is under the control of the Catholic church. Appellee was given certificates for all of said years by the department of public welfare that it has examined into the management of the school according to section 13 of an act entitled "An act to regulate, examine and control dependent, neglected and delinquent children," and found that it was competent and had adequate facilities to care for its children. It was further proved that the charge of appellee was $15 per month for each dependent girl committed to it in said county, (the amount allowed· by statute,) and that the balance due it for said years was $20,295.75. Similar proof and stipulations were made on behalf of the Polish Manual Training School for Boys, showing a balance due it from appellant, at $10 per month for each boy so committed from Cook county, of $11,934.13. There is a further stipulation that the legal · questions and facts involved in the two cases are identical in principle, except as to the amount charged per capita ˙for boys committed and as to amount due, and that the facts in the case brought by the St. Hedwig's Industrial School for Girls are sufficient to warrant this court in affirming the judgments in both cases, if, and only in case, the same are sufficient to entitle the St. Hedwig's Industrial School for Girls to a judgment of affirmance. The cases were therefore consolidated and submitted for hearing in this court on the record in the case of the St. Hedwig's Industrial School for Girls against appellant, and a short record in the other case, by agreement.

Section 9 of the act for industrial schools for girls provides: "For the tuition, maintenance and care of dependent girls·committed to an industrial school for girls, the county from which they are sent shall pay to the industrial school for girls, to which they may be committed, the sum of fifteen ($15) dollars per month for each dependent girl under the age of eighteen (18) years, so committed; and upon the proper officer rendering proper accounts there-

for, quarterly, the county board shall allow and order the same paid out of the county treasury, provided that no charge shall be made against any county by any industrial school for girls on account of any dependent girl in the care thereof, who has been by said school put out to a trade or employment in the manner hereinafter provided."

It is contended by appellant that this section is invalid because it violates section 3 of article 8 of our State constitution, which provides that neither the General Assembly, nor any county, city, town, township, school district or other public corporation, shall ever make any appropriation or pay from any public fund whatever anything in aid of any church or sectarian purpose, or to help support or sustain any school, academy, seminary, college, university or other scientific institution controlled by any church or sectarian denomination whatever, nor shall any grant or donation of land, money or other personal property ever be made by the State or any such public corporation to any church or for any sectarian purpose. The validity of said act has heretofore been considered by this court and the act declared valid and not in violation of said section of the constitution. (*Dunn* v. *Chicago Industrial School,* 280 Ill. 613; *Dunn* v. *Addison Manual Training School for Boys,* 281 id. 352; *Trost* v. *Ketteler Manual Training School,* 282 id. 504.). This court expressly held that the pay of $15 a month to industrial schools for girls conducted by any religious denomination does not violate that section of the constitution prohibiting a donation of public funds to such denominational institutions, where such sum is less than the actual cost for care of such girls at such institutions and at the State institution. In such a case the State or the municipality does not pay the full price for the benefits or services received by it and is the real donee. One who pays less for benefits or services than the actual cost of the same is not making a donation by such a payment.

It is argued by appellant that the sum of $15 per month specified in said act to be paid is not a definite sum or charge per month fixed by law but is merely a sum or charge per month which the county cannot exceed, and that the sum per month that the county shall pay for such services is discretionary with the county board and that it is for it to determine and fix the sum to be paid. This contention cannot be sustained. The sum so fixed is just as definite as the amount fixed by law to be paid shorthand reporters for their official work in the circuit court, which is a specified amount per day. In *People* v. *Raymond,* 186 Ill. 407, this court held that services for shorthand reporters must be considered as "other charges fixed by law," and that paragraph 6 of section 62 of the laws of 1887, requiring the board of Cook county to pass an appropriation bill, does not deprive the board of power to provide for and pay such charges so imposed by law. The only thing not definitely determined and fixed by the statute is the aggregate amount that the county shall pay each year for such services, and in the very nature of things this amount can not be so fixed. It is limited only by the amount of such services actually required, and the county board has no discretion in fixing either the amount paid per month for each child or the aggregate amount to be allowed. The statute positively provides that the county board shall allow and order the same paid out of the county treasury upon the proper officer rendering proper accounts therefor, quarterly. The fact, if such could be the fact, that the amount allowed by statute might in some cases be greater than the actual cost per girl to the institution does not render said section unconstitutional when applied to the facts in this case. The actual proof shows that it is less than the actual cost, and it is well known that said sum is very little, if any, over half the cost to maintain the girls at the State institution at Geneva. The legislature evidently fixed said sum at a charge that would necessarily be less than the actual cost

of such maintenance, instruction and training. By the acts that are here in question the State and the county are saved millions of dollars that they would otherwise have to expend for building, maintaining and conducting institutions to have such children maintained, educated and trained.

The provisions of section 9, *supra,* do not violate section 10 of article 9 of the constitution, which provides that the General Assembly shall not impose taxes upon municipal corporations, or the inhabitants or the property thereof, for corporate purposes, etc. The General Assembly may impose taxes, local in their character, against a municipal corporation or the inhabitants thereof if required for the general good of the State, because such taxes are not merely and only for corporate purposes. Said section of the constitution only prohibits the General Assembly from creating debts against a municipal corporation for purely corporate purposes. The General Assembly may compel taxation by a municipal corporation for the performance of duties as an agency of the State government and to discharge duties and obligations properly resting upon it. It may compel a municipal corporation to perform duties which relate to the general welfare and security of the State, although the performance of the duty results in a tax or in creating a debt to be paid by taxation. It may require a county to build a court house, a jail or a bridge, to support paupers or to establish necessary regulations for public health and safety, and may require the county to pay the expense of summoning jurors and the expense of jury commissioners, and may require a municipal corporation to pay its proportionate cost of the change of grades in public roads and railroads. (*People* v. *County of Williamson,* 286 Ill. 44; *Trustees* v. *Lincoln Park Comrs.* 282 id. 348; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Lake County,* 287 id. 337.) The maintenance and care of dependent children falls within the same class of duties and obligations as the support of paupers, the building and maintaining jails and

the administration of justice. Counties are but local sub-divisions of the State clothed with corporate powers of a governmental character. A county, in such case, is a mere agent of the State, and the power of the General Assembly is paramount and complete over the property of citizens in such political subdivisions as to all provisions for the exercise of the police power.

The facts stipulated and proved in this case do not raise any question as to the validity of appellees' claims on account of the county being indebted beyond the constitutional limit. There is no suggestion anywhere in the facts that Cook county was indebted in any sum for any purpose at the times the several appropriations were made to appellees. Section 12 of article 9 of the State constitution, limiting the amount of the total valid and enforcible indebtedness against a county, city, township, school district or other municipal corporation, is not properly involved in this case.

The provisions of paragraph 6 of section 61 of chapter 34, requiring the county commissioners of Cook county to adopt an annual appropriation bill, in and by which the board shall appropriate such sums of money as may be necessary to defray all necessary expenses and liabilities of Cook county to be by said county paid or incurred during and until the time of the adoption of the next annual appropriation bill, etc., do not bar appellees' recovery in this suit. That paragraph also provides that the appropriation for the cost of publication of the assessments shall take precedence over all the other appropriations, excepting the provision for principal and interest of county indebtedness, the ordinary current salaries of county officials and employees, the maintenance of county property and institutions, including courts and juries, dieting occupants of the jail, prisons, hospitals and industrial schools, and the cost of elections required by law. It also expressly provides that such appropriations shall take precedence of any ap-

propriations for contingent or building funds, and that if
the tax actually collected for any year shall be less than
the total amount of the appropriation, the items of appro-
priation following such resolution after such appropriation
for publishing assessments, in the order therein directed,
shall be first abated before the appropriation for such pub-
lication of tax assessments shall be reduced.  It further
provides that after the adoption of such appropriation bill
the board shall not make any further or other appropriation
prior to the adoption of the next succeeding annual ap-
propriation bill, and that the board will have no power, di-
rectly or indirectly, to make any contract or to do any act
which shall add to the county expenditure or liabilities in
any year anything or any sum over and above the amount
provided for in the annual appropriation bill for the fiscal
year.  Said paragraph concludes as follows: "Nor shall
anything herein contained be construed to deprive the board
of power to provide for and cause to be paid from the
county funds any charge upon said county imposed by law,
without the action of the board of commissioners, includ-
ing fixed salaries of officers required by law to be paid
from the county treasury, and to pay jurors fees and other
charges fixed by law."

If appellant's claim be conceded that the foregoing pro-
visions require appropriations to be made for payment of
charges fixed by law, it cannot be conceded that said sec-
tion, on the facts of this case, bars appellees' right of re-
covery, although appellant may. have paid out, during the
years in. question, all of its income and revenues, from all
sources, for appropriations the aggregate of which extends
to the limit of taxation for those years.  There is no
showing in this record that the county could not have paid
during those years the full sums due appellees if it had
made sufficient appropriations therefor and had properly
abated the other appropriations over which appellees' claims
had precedence.  Appellees' claims are a charge upon the

county imposed by law, without any action of the board whatever. It was the duty of the county to make the appropriations large enough to pay appellees, and failing to do so is no ground for appellant's claim that appellees can not recover their just and legal claims. A limitation in the power to levy taxes is not necessarily a limitation in the power to contract a debt. (*County of Coles* v. *Goehring,* 209 Ill. 142.) Failure of the board to do its duty cannot deprive appellees of their action. (*County of Perry* v. *City of DuQuoin,* 99 Ill. 479.) In legal contemplation a municipality assumes to perform whatever duty the law enjoins upon it. Appellees had a right of action in assumpsit against appellant for a failure to pay appellees the amount required by the statute. Assumpsit lies upon all such implied contracts that are broken. *Seagraves* v. *City of Alton,* 13 Ill. 366.

For the same reasons section 2 of the Juul law (Hurd's Stat. 1915, p. 2229,) can have no legal effect to bar appellees' right of recovery, which section provides for a reduction by the county clerk of the rate of tax *pro rata* in the event the aggregate exceeds the rate therein provided and in case no election be made by the municipality to distribute such reduction. This provision of the Juul law, as well as said paragraph 6 with reference to the annual appropriation bill, does not intend that legal claims fixed by law, of the character of those now under consideration, should be defeated by any failure of the county board to do its full duty in allowing and paying the same. In case it should fail to make any appropriation whatever for such purpose for any year, that fact would furnish no reason why it would not be under obligation to make proper provision for paying the same by proper appropriations in some succeeding year.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*