**People of the State of Illinois ex rel. Frank Ledbetter, Appellant, v. Sina Hadfield, Appellee.**

Heard in this court at the May term, 1942. Opinion filed November 2, 1942.

H. L. ZIMMERMAN and DAVID A. WARFORD, both of Marion, for appellant; F. S. SEIBERT, of counsel.

A. D. MORGAN, of Herrin, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Williamson county dismissing a petition for mandamus filed by Frank Ledbetter, appellant (hereinafter called petitioner), as against Sina Hadfield, as city clerk of the City of Carterville, Illinois, appellee (hereinafter called respondent). A motion of respondent to dismiss such petition has been sustained, and petitioner has elected to stand by the petition.

The petition, which was filed on October 7, 1941, in the name of the People of the State of Illinois, on the relation of Frank Ledbetter, as against the city clerk of the City of Carterville, alleged the citizenship of the petitioner and referred to the fact that he was the editor and publisher of the only newspaper printed in the City of Carterville, and contained allegations that petitioner was a taxpayer, a resident, and a citizen. The petition likewise alleged that the City of Carterville was a municipal corporation, under the laws of this State, that respondent was the city clerk of such city, and that on April 1, 1941, and until the qualification of his successor, Gus Young, was city treasurer of the City of Carterville. It was further alleged that the treasurer, pursuant to the provisions of the ''Cities and Villages Act,'' Ill. Rev. Stat. 1939, ch. 24, par. 110, filed with respondent a full and detailed account of all receipts and expenditures of said city, as shown by his books during the preceding fiscal year of the city. The petition goes on to aver that after the report of the city treasurer was filed in the office of the respondent, the respondent did not cause the report and account, as filed with her, to be published in a newspaper published in such city, as required by the provisions of such section of the statute hereinabove referred to, and that the respondent had not, to the date of the filing of the petition, caused the report and account of the treasurer, as filed by her, to be published in a newspaper published in said city. The petition follows with a recital that the petitioner demanded of respondent that she cause the report and account filed with her to be published in a newspaper printed in said city, but that respondent refused, and still refuses so to do. The prayer of the petition was for a writ of mandamus, commanding respondent to cause to be published such annual report and account of the city treasurer in a newspaper published in the city.

Respondent, in her motion to dismiss the petition, sets up a number of grounds, notably that the petition seeks to enforce an alleged private right in the name of the People of the State of Illinois; that the statutory provision referred to in the petition is directory, and not mandatory; that the facts set forth in the petition do not show a clear legal right to the writ of mandamus, or that respondent has the power to do the act demanded; that the facts set forth in the petition do not show that action was taken by the city council of the City of Carterville, Illinois, authorizing respondent to create a liability as against the city for publication of the report of the city treasurer, as required by section 44 of the ''Cities and Villages Act,'' Ill. Rev. Stat. 1939, ch. 24; and that the petition does not set forth the written instrument referred to, or any part of same. The court below sustained the motion to dismiss and announced as the reason for such decision that the petition contained no allegation that the city treasurer's report had been approved or adopted, or that any action was taken thereon by the city council. Petitioner has appealed to this court from the order of the circuit court herein referred to.

The position and contention of the appellee, as specifically stated in this court is, in brief, that petitioner must distinctly aver that (1) an appropriation has been made to pay the expenses of publishing the report in question; and (2) also, that liability against the city had been authorized under the provisions of section 44, of chapter 24 of the ''Cities and Villages Act'' hereinabove referred to. It is likewise pointed out by appellee that the writ of mandamus does not issue as a matter of right, and that a petitioner must set forth distinctly every material fact necessary to show that it is the duty of the person against whom the writ is sought, to perform the act (*People ex rel. Parker v. Board of Appeals of Cook County*, 367 Ill. 559), and that the writ will not issue in a doubtful

case (*People ex rel. Rising v. Ames,* 360 Ill. 31). It is likewise noted that the issuance of the writ of mandamus is discretionary with the court, acting upon existing facts, viewing the whole case with regard to the consequences of its action (*People ex rel. Cassidy v. Fisher,* 372 Ill. 146). The contention is also made that the statute involved in the instant case is directory, and particular emphasis is laid upon the fact that the action of the city council, pursuant to the provisions of section 44 was necessary before any obligation to make the publication was required of the city clerk.

We have examined the cases cited by respondent in support of her contention, and cannot agree with such contentions. The section of the act involved in this proceeding, Ill. Rev. Stat. 1939, ch. 24, par. 110, provided: ''The treasurer . . . shall, annually, between the first and tenth of April, make out and file with the clerk, a full and detailed account of all such receipts and expenditures, and of all his transactions, as such treasurer, during the preceding fiscal year, and shall show in such account the state of the treasury at the close of the fiscal year; *which account the clerk shall immediately cause to be published in a newspaper printed in such city* . . . (italics ours).''

As expressive of the public policy of the State, another section of the ''Officers Act,'' Ill. Rev. Stat. 1939, ch. 102, secs. 5–10 [Jones Ill. Stats. Ann. 126.223–126.228], provides that, each public officer, other than State officers (and other than city or village treasurers who are otherwise required by statute to make publication of reports) and who receive and disperse public funds, are required by statute to make an annual report and to have it published.

As indicated by the Appellate Court, in the case of *Cassidy v. Kirkpatrick,* 211 Ill. App. 196 (at 198), ''The object of this statute is to secure a publication of such report of the treasurer that the inhabitants may know how the money has been expended, and the

city Clerk is only made a means or instrument for causing such publication." In that case it was indicated that the obligation to pay was a severable obligation and that the work of the clerk was merely clerical, and that if the contract for publication which the clerk had made was exorbitant, then the city council could only have been required to have paid a reasonable compensation for the work.

Duties and liabilities relating to the general welfare and security of the State have been regarded as rightfully imposed upon municipal corporations and its officers by the general assembly (*People ex rel. Cannon v. City of Chicago,* 351 Ill. 396; *St. Hedwig's Industrial School for Girls v. Cook County,* 289 Ill. 432), and the performance of such duties and the discharge of such liabilities have been enforced, notwithstanding the fact that no appropriation has been made therefor, and no express contract has been made authorizing the expenditure (*St. Hedwig's Industrial School for Girls v. Cook County, supra; Seagraves v. City of Alton,* 13 Ill. 366).

In the instant case the statute, by its terms, creates an unquestioned obligation upon the clerk to publish the treasurer's report in a newspaper published in the city. There is no requirement that the council first act, either in making an appropriation to pay the expenses of publication, or in authorizing a liability against the city, in accordance with the provisions of par. 44 of ch. 24, Ill. Rev. Stat. 1939. To read such limitations into the act, in the judgment of this court, would be to defeat the objectives and the purpose of the section of the act providing for publication. If, indeed, the obligations imposed upon officers as to which publication is deemed to be of paramount public interest, were avoided by the simple expedient of refusing to appropriate funds therefor, there is serious danger that vital functions of municipalities might be endangered. Practically all such matters lead to a financial liability, and viewed abstractly, might be

deemed (as was contended in this case) to be a useless expense. The objectives of the statute, however, seem to be sufficiently important to require adherence thereto.

The provisions of par. 44, ch. 24, Ill. Rev. Stat. 1939, are applicable only where the creation of a liability is discretionary. In such case, action by the city council would be requisite. In the situation before this court, however, the liability is one imposed by law and there is no discretion in the council as to the performance of the duty. The fact that no appropriation has been made therefor does not prevent the enforcement of such duty. The question of liability of the city to pay for the publication may involve other problems, which were discussed in the case of *Cassidy v. Kikpatrick, supra.* The language of the act involved in the instant case in providing that the clerk ''shall'' immediately cause to be published, should, we believe, be given its common and ordinary meaning and construed in an imperative sense (*Clark v. Patterson,* 214 Ill. 533, 539; *O'Rear v. Crum,* 135 Ill. 294, 299).

We feel that the petition in this cause was properly filed in the name of the People of the State of Illinois (*People ex rel. First Nat. Bank of Hammond, Ind. v. Czaszewicz,* 295 Ill. 11; *Higgins v. City Council of Galesburg,* 96 Ill. App. 471), and that a copy of the report was not required to be attached to the petition since the action was predicated upon the obligation to make publication and not in any respect upon the contents of the report.

We must, therefore, conclude that the action of the circuit court of Williamson county was erroneous and this cause will, therefore, be reversed and remanded to such court, with directions to overrule respondent's motion and proceed in accordance with the views expressed in this opinion.

*Reversed and remanded with directions.*