People of State of Illinois ex rel. Robert Rentschler et al., Appellants, v. James M. Walsh, County Treasurer, etc., Appellee.

Gen. Nos. 9,599, 9,600, 9,601.

Opinion filed May 27, 1948. Released for publication June 22, 1948.

SORLING, CATRON & HARDIN, of Springfield, for appellants; CHARLES H. NORTHRUP, of Springfield, of counsel.

JOHN W. CURREN, of Springfield, for appellee; H. KEITH DRESSENDORFER, of Springfield, of counsel.

MR. JUSTICE HAYES delivered the opinion of the court.

The People of the State of Illinois on the relation of several taxpayers in Sangamon county filed petitions in the circuit court of that county asking that a writ of mandamus issue against the county treasurer and ex-officio supervisor of assessments of Sangamon county to compel him to publish the quadrennial assessment of real and personal property for the year 1947. The first petition was filed on August 2, 1947; the second was filed on August 26, 1947. Both petitions were dismissed by the court on October 8, 1947. On November 26, 1947, relators filed a third petition which was dismissed on January 2, 1948. Relators have appealed from the three orders of dismissal and the appeals have been consolidated.

The Revenue Act provides that "In counties containing less than 500,000 inhabitants, as soon as the . . . supervisor of assessments . . . has completed the assessment he . . . shall, in each year

of a quadrennial assessment of real property, publish a full and complete list of the assessment of real and personal property . . . . Such publication, in the year 1947 shall be made on or before August 10 of that year, and in any subsequent year, shall be made on or before July 10 of that year, . . ." Ill. Rev. Stat. 1947, ch. 120, par. 584 as amended August 8, 1947 [Jones Ill. Stats. Ann. 119.600].

It seems clear that the statute imposes a mandatory duty on the supervisor of assessments to make the publication therein required. *Clark v. Patterson*, 214 Ill. 533. We believe that the respondent can be compelled to perform this duty by mandamus even though the time for its performance has passed, since the publication still may lawfully be made and serve a part of its original purpose of giving information to the public. *People ex rel. Yarrow v. Lueders*, 287 Ill. 107.

We are not impressed with respondents argument that the petitions were properly dismissed because they failed to allege that an appropriation had been made by the board of supervisors of Sangamon county authorizing respondent to expend funds for its publication. The Supreme Court of Illinois in *People v. Fuller*, 238 Ill. 116, held that payment of the expense of publishing the assessment list was proper even without an appropriation by the county board. Furthermore in *People ex rel. Ledbetter v. Hadfield*, 316 Ill. App. 245, a case analogous to this one, the Appellate Court for the Fourth District held that an averment such as respondent insists is necessary here need not be included in the petition for mandamus.

We believe the petition filed on November 26, 1947, was not vulnerable to attack on motion to dismiss. Since it properly invokes the powers of the circuit court of Sangamon county we do not deem it necessary to pass upon the sufficiency of the other two petitions.

The judgment of the circuit court of Sangamon county in cause number 9601 is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*