The People of the State of Illinois, ex rel. Kenneth J. Mollman, and Arthur D. Jenkins, Plaintiff-Appellee, v. The Board of Assessors of St. Clair County, Illinois, and George A. Halpin, et al., Defendants-Appellants.

Gen. No. 64–F–2.

Fifth District.
February 28, 1964.

John M. Karns, Jr., State's Attorney, and Eugene H. Widman, Assistant State's Attorney, both of Belleville, for appellant.

Harold Baltz, and Baltz & Guymon, all of Belleville, for appellee.

DOVE, P. J.

Kenneth J. Mollman and Ārthur D. Jenkins filed a petition in the Circuit Court of St. Clair County, praying for a writ of mandamus directing the defendants, the Board of Assessors of St. Clair county and its individual members, to publish, in newspapers of general circulation, as required by law, the quadrennial tax assessment lists for real and personal property for the year 1963.

The petition alleged, among other things, that petitioners are residents of St. Clair County, and that they own personal and real property which is assessed for general taxes; that the individual defendants comprise the Board of Assessors of St. Clair County, which is a county under township organization and has less than 500,000 inhabitants; that the Board of Assessors has received, or is about to receive, all the real and personal property assessment books from each of the twenty-two township assessors, containing the quadrennial assessment lists of real and personal property for general taxes for the year 1963, to be levied and extended thereon, and has completed, or is shortly about to complete, the quadrennial assessment of real and personal property for each of the townships of St. Clair County.

The petition quotes paragraph 584 of chapter 120 of the Illinois Revised Statutes, and charges that notwithstanding it is the duty of defendants to publish, in one or more newspapers of general circulation, said assessment lists, the defendants have announced their intention not to publish said assessment lists, but instead, intend to mail to each person so assessed, a post card or letter advising each addressee taxpayer of such assessment.

To this petition the defendants filed their amended answer admitting substantially all the facts alleged in the petition. A hearing was had before the court, resulting in an order which found that the facts alleged in the petition were admitted by the defendants, either by their amended answer or by stipulation of the parties; that sixteen of the twenty-two townships of St. Clair County have at least one newspaper of general circulation published therein; that defendants do not intend to publish any assessment list in any newspaper, but in lieu thereof, intend to cause a

notice to be mailed to every person in each township who pays taxes on real or personal property therein. This order directed a writ of mandamus to issue commanding the Board of Assessors to publish the 1963 quadrennial assessments of real and personal property for each township of St. Clair County wherein there is published a newspaper of general circulation. The judgment order further provided that for townships where no newspaper of general circulation is published, or in townships where no newspaper is published, which will not accept for publication such assessment list, that then notice by mail shall be sent to each person assessed for personal property, and to each owner of, or person who last paid taxes on, each tract, lot, or piece of real estate, containing, as to that person or tract of real estate, the same information contained in the published notice where the same is published. To reverse this judgment the defendants appeal and the plaintiffs have filed a cross-appeal.

It is the contention of appellants that a notice sent by mail to each and every taxpayer of the assessment lists of real and personal property is a good and sufficient notice and it is argued that the statutory requirements are satisfied "so long as a taxpayer, by some means, gets notice of the amount of his assessment as fixed by the Board of Assessors for the quadrennial assessment."

Appellees insist that the statutory provisions are mandatory; that notice to the taxpayer by mail is insufficient and that the statute requires such assessment lists to be published in a newspaper of general circulation published in the township where the property is located, and that it is only where there is no newspaper published in the township or no newspaper circulating generally therein, that the substituted notice by mail can be used.

The applicable statute provides:

"In counties containing less than 500,000 inhabitants, as soon as the . . . Board of Assessors, . . . has completed the assessment . . . it shall, in each year of a quadrennial assessment of real property, publish a full and complete list of the assessment of real and personal property, by townships, if the county be so organized. . . . Such publication shall be made on or before July 10 of that year in counties with less than 150,000 inhabitants, and on or before August 10 of that year in counties with 150,000 or more, but less than 500,000 inhabitants, and shall be printed in some public newspaper or newspapers published in said county, or shall be mailed to every person in that township. . . . Provided, that in every township or assessment district in which there is published one or more newspapers of general circulation, the list of such township shall be published in one of said newspapers." (Ill Rev St 1961, c 120, § 584.)

Referring to this statutory provision, the Appellate Court said:

· "It seems clear that the statute imposes a mandatory duty on the supervisor of assessments to make the publication therein required. Clark v. Patterson, 214 Ill 533. We believe that the respondent can be compelled to perform this duty by mandamus, even though the time for its performance has passed, since the publication still may lawfully be made and serve a part of its original purpose of giving information to the public. People ex rel. Yarrow v. Lueders, 287 Ill 107." (People ex rel. Walsh v. Walsh, 334 Ill App 519, 521, 79 NE2d 852.)

315

People v. Jennings, 3 Ill2d 125, 119 NE2d 781, was an action seeking a judgment against the defendant for delinquent personal property taxes. The defense was based on the fact that the personal property tax list was not published as required by the above quoted provision of the Revenue Act. In sustaining this contention and holding the provisions mandatory, the court said (p 128), "Section 103 ordains that the appropriate officer 'shall publish the assessment of personal property in full' in some public newspaper on or before July 10. While the legislature has not declared that the failure to do so shall render the tax invalid, such result must, in the absence of any other indication of legislative intent, follow from the character of the requirement. Publication of the assessment roll is clearly not designed for the guidance of officers or the maintenance of order, system, and dispatch in proceedings. Its purpose, like that of provisions concerning notice, is to afford the taxpayer information and an opportunity to ascertain whether the assessment is excessive or disproportionate. In view of its nature, therefore, the requirement is prima facie mandatory rather than directory, and failure to comply will vitiate the tax unless a contrary legislative intent is otherwise manifested." The opinion then states that the required notice was intended to provide information to the taxpayer, so that he may readily know whether there is any occasion to seek a revision of the assessment before the Board of Review. The court cited Heidenway v. Harding, 336 Ill 606, 168 NE 630 and quoted therefrom where it is said (p 611):

"Every taxpayer, under the constitution and laws of this state, has a right to notice when his property is assessed for taxation, with an opportunity to be heard upon the justness of the taxation. To this end statutory provisions are made for such notice and hearing. These provisions are for the

316

protection of the taxpayer, they are mandatory, they must be strictly complied with, and a disregard of them will render the tax illegal."

The judgment entered by the trial court provided that in townships "where no newspaper of general circulation is published, or if one be published where such list is not accepted for publication, then notice by mail shall be sent to each person assessed for personal property, and to each owner, or person who last paid taxes on each tract, lot, or piece of real estate, containing as to that person, or tract, the information as contained in the notice where the same is published." By a cross-appeal, appellee seeks a reversal of this portion of the judgment and a remandment of the case with directions to the trial court to order publication of the assessment lists by townships in a newspaper of general circulation in such township irrespective of the fact that such newspaper may not be physically printed or placed in the mails within the township.

In People ex rel. O'Connell v. Read, 256 Ill 408, 100 NE 230, the Supreme Court, in holding a city tax invalid because the appropriation ordinance was not published in a newspaper published in the city, said: (p 410),

"Under the Federal statutes a publication, to be admitted as second class, must be issued from a known office of publication, and a newspaper is published where it is first issued to the public. The paper stated that it was so issued at the post office at Chicago. It is immaterial where the printing is done, but the place of publication of a newspaper is the place where it is first put into circulation,—where it is first issued to be delivered or sent, by mail or otherwise, to its subscribers. (Ricketts v. Village of Hyde Park, 85 Ill 110; Village of Tonawanda v. Price (N.Y), 64

317

NE Rep 191; State v. Bass, 54 Atl Rep 1113; Leroy v. Jamison, 3 Sawy 386; Fed Cas No 8271.)"

■ It is not the place where a newspaper is printed but the place where it is first issued to the public that determines the place where published, as used in the statute under consideration. (Attorney General's Opinions, 1958, page 227.)

■ Our conclusion is that the judgment of the trial court, in directing that publication of the quadrennial assessment list of real and personal property be made in every township in St. Clair County in which there is published a newspaper of general circulation, should be affirmed.

■ We also conclude that it was the intent of the legislature that the statutory provisions with reference to the mailing of notices to taxpayers should be construed so as to only permit the mailing of notices in a township where there is no newspaper in general circulation in the township rather than where there is no newspaper actually printed in the township; that in townships where no newspaper is published, but where there is a newspaper of general circulation in such township or townships, then publication of the quadrennial assessment list of real and personal property of such township or townships should be published in a newspaper having general circulation in that township or townships.

The cross-appeal is sustained. The judgment of the trial court is affirmed as herein indicated, and this cause is remanded to the Circuit Court of St. Clair County with directions to enter judgment in accordance with the views expressed in this opinion.

Judgment affirmed in part and cause remanded with directions.

WRIGHT and REYNOLDS, JJ., concur.