THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOHN G. O'NEILL, Appellant.

*Opinion filed September 28, 1965.*

EDWARD F. SUTKOWSKI, of Peoria, for appellant.

GEORGE R. KENNEDY, State's Attorney, and JAY H.
JANSSEN, Assistant State's Attorney, both of Peoria, for
appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the
court:

This case involves an action for delinquent personal
property taxes assessed against the defendant, John G.
O'Neill, for the years 1958 through 1961. After a hearing,
the magistrate presiding in the small claims division of the
circuit court for the Tenth Judicial Circuit denied defend-

ant's motion for judgment based on a special affirmative defense and entered judgment against defendant for $169.04 and costs. Defendant appeals directly to this court alleging the tax levy was unconstitutional.

Defendant bases his novel defense to the collection of these taxes solely on the "one man, one vote" cases, decided by the Supreme Court of the United States, beginning with *Baker* v. *Carr,* 369 U.S. 186, 7 L.ed. 2d 663. He charges that the county board of supervisors of Peoria County, admittedly organized in accordance with the applicable statutes, (Ill. Rev. Stat. 1963, chap. 139, pars. 6, 60,) is invalidly constituted because each township has one supervisor on the board without regard to population. Defendant argues that given the unconstitutional composition of the board, its act of levying the personal property tax was illegal and the tax itself totally void.

The People contend that defendant is without standing to challenge the constitutionality of the statutes relating to township organization; that he has failed to exhaust his administrative remedies, and that this case is governed by State law relating to the collection of allegedly disproportionate taxes.

We believe that defendant's special defense alleged facts sufficient to permit him to challenge, in a proper case, the validity of the method of electing members of the board under the doctrine of *Baker* v. *Carr,* 369 U.S. 186, 206, 7 L. ed. 2d 663, 679. We also think that the doctrine of exhaustion of administrative remedies does not preclude a defendant from asserting the illegality of the levy of the tax as a defense to a suit for its collection. (*County of Lake* v. *MacNeal,* 24 Ill.2d 253, 260-61.) Moreover, defendant does not attack the amount of the tax, or the fairness of its application. His contention is simple and candid. He insists that because of the method of its selection, the county board of supervisors is an unconstitutional arm of government without power to levy, extend or collect taxes.

The logical conclusion resulting from defendant's argument would void every legislative act of every legislative body that was not selected in accordance with the "one man, one vote" rule announced in *Baker* v. *Carr,* 369 U.S. 186, 7 L. ed. 663, and subsequent cases. A careful reading of these cases does not compel such a conclusion, but on the contrary, negates it.

In *Reynolds* v. *Sims,* 377 U.S. 533, 586, 12 L. ed. 2d 506, 541, the Supreme Court of the United States assumed that the invalidly apportioned Alabama legislature retained the power of legislative action. In *Maryland Committee* v. *Tawes,* 377 U.S. 656, 675, 12 L. ed. 2d 595, 607, the court recognized the "inherent power" of the Maryland legislature to enact legislation even though it was selected in violation of constitutional requirements.

None of the cases in which the Supreme Court of the United States has held invalid State legislative apportionment involved an attack on the power of a legislature to carry out its functions. Such attacks have met with consistent failure as in *Matthews* v. *Handley,* 361 U.S. 127, 4 L. ed. 2d 180, where the court affirmed without opinion the trial court's refusal to strike down Indiana's gross income tax on the ground that the legislature was malapportioned.

In this State we recognized the constitutional invalidity of our legislative apportionment in *People ex rel. Engle* v. *Kerner,* 32 Ill.2d 212, but nevertheless we stated therein at 32 Ill.2d pp. 222-223: "It is well settled that *de facto* officeholders, as we now have in the Senate, are vested with complete authority to act as such, particularly in the absence of any *de jure* officers. (See *Lavin* v. *Commissioners of Cook County,* 245 Ill. 496, 505-06; *Harvey* v. *Sullivan,* 406 Ill. 472, 479.) This principle, applied here, is in accordance with expressions in United States Supreme Court decisions, which have assumed that existing State legislatures, although elected from unconstitutional districts, have full

power to act. (*Maryland Committee for Fair Representation* v. *Tawes*, 377 U.S. 656, 676; 12 L. ed. 2d 595; *Reynolds* v. *Sims*, 377 U.S. 533, 586; *Roman* v. *Sincock*, 377 U.S. 695, 699.) It would therefore seem that plenary legislative power is still vested in the General Assembly as presently constituted."

We think it is clear beyond question that the members of the Peoria County board of supervisors were at least *de facto* officers within the traditional definition of *Lavin* v. *Commissioners of Cook County*, 245 Ill. 496, 505-506. Their acts in levying, extending and collecting taxes cannot therefore be attacked because of some alleged defect in the apportionment of their membership.

We are sustained in this opinion by the uniform assumption of this inherent *de facto* power by the Federal and State courts. To reject this assumption would be to announce a rule invalidating many years of legislation by the majority of our States. (See *Reynolds* v. *Sims*, 377 U.S. 533, 589, 12 L. ed. 2d 506, 543.) The requirements of the Federal constitution, as announced by the Supreme Court of the United States, do not require legislative anarchy.

The highly complex problems of proper apportionment of legislative bodies are not properly posited by rejection of the public laws enacted by the only functioning legislature of a governmental subdivision.

We conclude, without deciding the propriety or validity of the statutes relating to township organization and county government, that the members of the county board of supervisors of Peoria County, be they *de facto* or *de jure,* had the power to levy taxes. It, therefore, follows that defendant's sole defense to this action must fail.

The judgment of the circuit court for the Tenth Judicial Circuit, Peoria County, is therefore affirmed.

*Judgment affirmed.*