(No. 43926.—

THE PEOPLE *ex rel.* Nick Maro, Petitioner, *vs.* BOARD OF AUDITORS, ROCK ISLAND TOWNSHIP, *et al.,* Respondents.

*Opinion filed April 1, 1971.*

WINSTEIN, KAVENSKY & WALLACE, and KLOCKAU, McCARTHY, SCHUBERT, LOUSBERG & ELLISON, both of

Rock Island, (PETER H. LOUSBERG, of counsel,) for petitioner.

PETER DENGER, of Rock Island, for respondents.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Pursuant to allowance of a motion under our Rule 381 (43 Ill.2d R. 381), this court heard argument during the January term of court upon a petition for an original writ of *mandamus*, whereby petitioner sought to compel the Board of Auditors of Rock Island Township to publish notices no later than January 23, 1971, for party caucuses to be held for the purpose of nominating candidates for election to the office of assistant supervisor at the annual town meeting on April 6, 1971. The petition was denied by this court at the conclusion of oral argument for the reasons indicated below.

Prior to legislative action in 1969, article VII of the Township Organization Act provided for the election, and staggered terms by classification, of both township supervisors and assistant supervisors. (Ill. Rev. Stat. 1967, ch. 139, par. 60 *et seq.*) Other statutory provisions placed the powers of counties under township government in the county board, comprised of the township supervisors and assistant supervisors (Ill. Rev. Stat. 1969, ch. 34, par. 302), governed the compensation of these officers (Ill. Rev. Stat. 1969, ch. 53, par. 58), and limited the role of assistant supervisors to membership on the county board. (Ill. Rev. Stat. 1969, ch. 139, par. 109.) Differing provisions have governed the nomination of candidates for these offices by party caucus, party primary, or petition, depending upon variables of population, geography and party organization. (Ill. Rev. Stat. 1969, ch. 46, articles 7 and 10; ch. 139, par. 59a.) In connection with reapportionment legislation enacted in 1969 (P.A. 76—1650 to 1654), the office of assistant supervisor

has been eliminated, effective May 1, 1972. (Ill. Rev. Stat. 1969, ch. 139, par. 109.) Beginning the first Monday in May, 1972, the powers of the counties under township organization will be exercised by county boards elected in accordance with the newly-enacted scheme of reapportionment. (Ill. Rev. Stat. 1969, ch. 34, par. 302; see Ill. Rev. Stat. 1969, ch. 34, par. 831 *et seq.*) While the statutes governing the operation of the county boards as presently constituted have remained in effect pending this transition, references to the office of assistant supervisor have been stricken from operative election provisions. (Ill. Rev. Stat. 1969, ch. 139, par. 60; ch. 46, par. 7—1.) As a consequence, in opinion S—237, issued December 2, 1970, the Attorney General of Illinois stated that in his opinion assistant supervisors are not to be elected in 1971, and that those assistant supervisors now in office will continue to serve until the newly apportioned board takes office. It was the Rock Island Township Board of Auditors' reliance upon this opinion, and consequent refusal to publish notices of party caucuses (see Ill. Rev. Stat. 1969, ch. 139, par. 59a) which precipitated the petitioner's present action.

We shall not discuss the various statutory and constitutional arguments raised by the parties, nor do we express any opinion thereon, for it would be a digression. Our action here is based upon sound judicial discretion, rather than statutory and constitutional interpretations. The writ of *mandamus* is not one of right, but is issued in the discretion of the court; it "will not be issued where it would create disorder or confusion in the public service," or when compliance is no longer within the power of the respondents. *People ex rel. Cannella* v. *Chicago,* 7 Ill.2d 416, 420.

Petitioner concedes that an election of assistant supervisors under the present format would not comply with the constitutional requisites of the "one man, one vote" principle announced in *Baker* v. *Carr,* 369 U.S. 186, 7 L. Ed. 2d 663, 82 S. Ct. 691, and subsequent cases. (*Cf., People* v.

*O'Neill,* 33 Ill.2d 184.) Nevertheless, we are urged to exercise our judicial discretion to compel the holding of one last malapportioned election of assistant supervisors, to serve slightly more than one year until the legislatively designed reapportionment plan can become effective. We are not deterred solely by the anomaly of such an exercise. We are also constrained to consider the limitations which circumstances place upon our power to compel uniform compliance with a decision in petitioner's favor. As noted earlier, not all townships are governed by the caucus provisions applicable to Rock Island Township. Nor are all potential candidates in that township necessarily governed by the caucus provision. While the timing of petitioner's action in this court permitted adequate opportunity to bring about compliance with the statute governing nominations by caucus, the time for the initial statutorily-required procedures under the provisions for other modes of nomination in other townships had passed. It had thus become impossible to obtain uniform compliance with the statutory procedures. Rather than issue a somewhat anomalous mandate, which could at best only serve to partially rectify the alleged statutory misinterpretation in a portion of the affected townships, at a likely cost of substantial confusion elsewhere, we concluded that the exercise of sound judicial discretion required that the petition for a writ of *mandamus* be denied.

*Writ denied.*