714

CAROL L. CURTIS, d/b/a The Mahomet Citizen, *et al.*, Plaintiffs-Appellants, *v.* ROGER D. LITTLE, Treasurer and Ex-Officio Collector of Champaign County, Defendant-Appellee.

Fourth District   No. 4—83—0111

Opinion filed August 25, 1983.

Brent D. Holmes, of Harlan Heller, Ltd., of Mattoon, for appellants.

Thomas J. Difanis, State's Attorney, of Urbana (Trisha Crowley, Assistant State's Attorney, of counsel), for appellee.

William A. Sunderman, of Anderson Law Offices, of Charleston, for *amicus curiae* Illinois Press Association, Inc.

JUSTICE GREEN delivered the opinion of the court:

■ The issue in this case is whether the circuit court may properly refuse to issue a writ of *mandamus* to compel the county collector to publish notice of the collector's intention to apply to the court for judgment for delinquent real estate taxes in the manner required by section 225 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 706) when the application has already been presented, judgments entered, and tax sales held. We conclude that the trial court has discretion to refuse to issue the writ under these circumstances.

Section 225 states that any time after September 1 of each year, and after real estate taxes have become delinquent or paid under protest,

> "the Collector *shall* publish an advertisement, giving notice of the intended application for judgment for sale of such delinquent lands and lots, and for judgment fixing the correct amount of any tax paid under protest, in *a newspaper published in the township or road district*, as the case may be in which the real estate on which the delinquent taxes are due, is located and if there is no such newspaper published in the township or road district, then in some newspaper in the same county as the township or road district, to be selected by the county Treasurer ***." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 120, par. 706.

Plaintiffs, owners of newspapers published in various townships of Champaign County, filed suit in the circuit court of that county on February 23, 1982, against Ormond Hixson, the treasurer and *ex officio* collector of Champaign County. With the exception of plaintiff, The Leader, Inc., they alleged that prior to applying for judgment for unpaid real estate taxes for the revenue years 1977, 1978, 1979, and 1980, the collector had failed to give notice by publication in any newspaper published in various townships in which plaintiffs publish, although judgment was sought against land in each of those townships in each of those years. They sought issuance of a writ of *mandamus* ordering the collector to give the required notice by publica-

tion in their newspapers. Plaintiff, The Leader, made the same allegations and sought the same relief as the others in regard to the applications for judgment for taxes for the revenue years 1979 and 1980.

Eventually, the issues were joined and the case was heard at bench on January 3, 1983. By that time, defendant, Roger D. Little, had become treasurer and *ex officio* collector. The trial court found that, as alleged, each of the plaintiffs were the owners of the only newspapers published in the various townships except that the Rantoul Press was published only in Rantoul Township and not in Ludlow Township. The court also found that, as alleged, taxes had been delinquent in the stated townships in the years alleged. The court held that (1) plaintiffs' interpretation of section 225 was correct; (2) the publication requirement was mandatory; and (3) the collector should have given notice by publication in plaintiffs' newspapers as they contended. However, because the various applications for judgment had been filed, the judgments entered and the sales held long before the hearing, the court refused to order the writ of *mandamus* to issue. The court relied principally on the ground that to then order publication would only create confusion.

Plaintiffs have appealed. After obtaining leave of court, The Illinois Press Association, Inc., has filed a brief *amicus curiae*. We affirm.

Defendant now admits that section 225 mandatorily required that he give notice by publication in plaintiffs' newspapers. Defendant's position is now adverse to that of plaintiffs and *amicus*, only in that he maintains that the trial court acted within its discretion while plaintiffs and *amicus* contend that issuance of the writ was required as a matter of law.

■ Although the parties are now in agreement that the collector should have given notice by publication in plaintiffs' newspapers, because the collector earlier contended to the contrary, we choose to discuss the matter briefly. Analogy to *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332, requires the conclusion that timely publication in plaintiffs' papers was mandatory. There, a supervisor of assessments failed to give timely notice by publication of changes in assessments made in a nonquadrennial year as required by section 46 of the Act (Ill. Rev. Stat. 1971, ch. 120, par. 527). Notice was required to be given by July 10, 1972, but was not given until October 28, 1972. Notice by mailing, although untimely, was also given. The board of review stayed in session a sufficient length of time that the taxpayers still had time to make objection after the notices were given. Evidence was offered that many of the taxpayers affected had made ob-

jection to the board of review. Nevertheless, the taxes levied upon the increased portion of the assessment were held to be invalid. The court followed a similar ruling concerning the same statutory provision in *People v. Jennings* (1954), 3 Ill. 2d 125, 119 N.E.2d 781.

There, as here, the statutory command to give the notice used the word "shall." There, as here, the taxpayers also had some notice by mailing. The *Andrews* court stated that if a statutory provision "merely directs a manner of conduct for the guidance of the officials or specifies the time for the performance of an official duty" it is usually directory, but if "the conduct is prescribed in order to safeguard someone's rights, which may be injuriously affected by failure to act" timely, the requirement is mandatory. (71 Ill. 2d 13, 21, 373 N.E.2d 1332, 1335.) Here, even more than there, a taxpayer's rights were likely to be damaged by failure to act within the time specified in the statute.

■ The parties are in agreement that, although *mandamus* is a remedy to require a public official to perform a mandatory duty, a court may, within its discretion, under certain circumstances, refuse to order the writ to issue. (*People ex rel. Maro v. Board of Auditors* (1971), 48 Ill. 2d 202, 268 N.E.2d 424.) The usually stated circumstances permitting refusal are " '*** where it would create disorder or confusion in the public service,' or when compliance is no longer within the power of the respondents. *People ex rel. Cannella v. Chicago*, 7 Ill. 2d 416, 420." 48 Ill. 2d 202, 204, 268 N.E.2d 424, 425.

As we have mentioned, the trial court relied primarily upon the theory that to require publication at that late date would cause confusion in the public service. That avoidance of confusion is a permissible ground for denial of the writ and has been stated in many cases, but few cases have passed on the proof necessary to establish that ground. In *People ex rel. Hamer v. Jones* (1968), 39 Ill. 2d 360, 235 N.E.2d 589, denial of an order requiring reassessment of property was deemed proper when taxes had already been computed and collected based on a previous assessment. Similarly, denial was proper when issuance of the writ would (1) compel an action which would prejudice ongoing disciplinary proceedings (*Thornton v. Ramsey* (1959), 24 Ill. App. 2d 452, 165 N.E.2d 65), or (2) require demotion of a number of employees already promoted to new ranks. (*People ex rel. Erickson v. Sheehan* (1959), 24 Ill. App. 2d 43, 163 N.E.2d 834.) Refusal to grant the writ to compel disclosure of records concerning the names and salaries of Forest Preserve District of Cook County, a disclosure required by statute but estimated to cost the district $2,000, was held to be error in *People ex rel. Recktenwald v. Janura* (1978),

59 Ill. App. 3d 143, 376 N.E.2d 22.

■■ The tenor of the cases is that, to justify a denial of the writ, the confusion likely to result must be quite severe. Plaintiffs contend that great confusion would not necessarily arise here if the notice was couched in terms to explain that the applications for judgment had already been made and acted upon, and that the notice was being given for the purpose of informing the public of the properties upon which taxes were unpaid and the names of the owners of those properties. We need not decide this question. We conclude that denial of the writ was justified on the grounds that, by the time of hearing, publication would be a useless act for the obvious reason that the collector no longer had power to give prior notice of his application for judgment.

In contending that a useful purpose would be served by requiring publication long after the application which is the subject matter of the notice has been acted on, plaintiffs and *amicus* analogize to statements by the court in *Andrews* and *Jennings*. In both cases, the court said that one purpose of requiring publication of assessment changes rather than merely notifying the taxpayer whose assessment was changed by mail, was to permit other taxpayers to make a comparison of their assessment to those changed. (See also *People ex rel. Mollman v. Board of Assessors* (1964), 46 Ill. App. 2d 311, 197 N.E.2d 117.) Plaintiffs and *amicus* then point to *People ex rel. Rentschler v. Walsh* (1948), 334 Ill. App. 519, 79 N.E.2d 852, where a petition for writ of *mandamus* was held to have been improperly dismissed when it requested issuance of a writ to compel the *ex officio* supervisor of assessments to give notice by publication of quadrennial assessments even though the time for a taxpayer to object had passed. The court reasoned that the publication would still give information to the public.

Plaintiffs and *amicus* contend that, by analogy to the foregoing case, a purpose of requiring publication here would be to give persons in the various townships information as to the number of properties upon which taxes were unpaid and the names of those from whom taxes were owing. They contend that thus the public can better determine if taxes are too high and if certain citizens such as public officials are not living up to their tax obligations. They also call our attention to *People ex rel. Ledbetter v. Hadfield* (1942), 316 Ill. App. 245, 45 N.E.2d 45, where the court held that a petition for writ of *mandamus* was not subject to motion to strike, when it sought to compel a city clerk to publish a required list of expenditures 1½ years after the notice was required to be given.

Finally, plaintiffs and *amicus* cite *People ex rel. Yarrow v.*

*Lueders* (1919), 287 Ill. 107, 122 N.E. 374. There, the supreme court, in an original proceeding, ordered a writ of *mandamus* to issue ordering the board of election commissioners of the city of Chicago to give notice of a referendum to determine whether sale of liquor should be permitted in the city. The court concluded that petitions for election were in the proper form, and although the time for the election stated in the voter's petition had elapsed, the board of election commissioners could be required to hold the referendum at the next election. The clerk was ordered to give notice by publication that the question would be voted on at the next election. However, the court did not require the clerk to give notice of an election to be held at a time that had already passed. Here, the applications for judgments which are the subject matter of the notice involved, have all been acted upon. If the trial court here had given judgment similar to that of the supreme court in *Lueders*, it would have compelled the collector to give proper notice as to future applications for judgment for taxes.

■ We do not agree that section 225 of the Revenue Act of 1939 has a purpose of giving public information as do those in *Andrews, Jennings, Mollman, Rentschler,* and *Ledbetter.* We conclude that the purpose of the section is to combine with section 230 of the Act, which requires the collector to also give notice by mailing to the owners of delinquent property in order that every reasonable step may be taken to see that the owner has notice. By requiring publication in a newspaper, if any, published in the township where the property lies, maximum care is used even though due process does not require publication when notice by mailing is given (*Andrews*). No statutory requirement for notice of pending litigation has been called to our attention which has been held to be for the purpose of notifying people who would not have interest in the subject matter of the suit. We do not hold section 225 to be such a statutory provision.

Our affirmance results from our conclusion that now requiring the publication requested would not in any useful way effectuate "compliance" with the requirements of section 225.

Affirmed.

TRAPP and MILLER, JJ., concur.