The People of The State of Illinois ex rel. Bernard W. Snow, Bailiff of the Municipal Court of. Chicago, Appellee, v. The City of Chicago et al., Appellants.

## Gen. No. 31,575.

1. PLEADING—*necessity of special demurrer to question plaintiffs' right to sue.* An objection that the parties plaintiff were not proper parties must be made by special and not by general demurrer.

2. APPEAL AND ERROR—*when objection to capacity of plaintiff to sue too late.* An objection that a plaintiff is not the proper party to maintain a suit is too late when first made on appeal.

3. MUNICIPAL COURTS—*control of number and salaries of deputy bailiffs.* The judges of the municipal court of the City of Chicago have paramount control of the number and salaries of the deputy bailiffs.

4. MUNICIPAL COURTS—*when city must make appropriation for salaries of deputy bailiffs.* After the municipal judges of Chicago have fixed the number and salaries of their deputy bailiffs under exclusive powers therefor, on proper request the city council has no discretion but must make appropriations to meet the expense of such salaries.

5. MANDAMUS—*when answer insufficient in proceeding to compel municipal appropriation for salaries.* The city council's objection in mandamus proceedings to compel the council to appropriate for salaries of deputy bailiffs fixed by the municipal judges of Chicago, that no

one is being deprived of salary or position, is without merit in view of the amended petition's allegations that the deputy bailiffs have been duly appointed and are holding their positions.

6. APPEAL AND ERROR—*when nonperformance within time set by mandamus does not render right to order moot question.* That the Chicago city council has refused to do its duty to appropriate for deputy bailiffs' salaries, as fixed by the municipal court, within the time fixed in a mandamus to compel performance, does not make the granting of that order a moot question.

Appeal by defendants from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Affirmed. Opinion filed March 14, 1927.

FRANCIS X. BUSCH, Corporation Counsel, for appellants; LEON HORNSTEIN and RUTH C. NELSON, Assistant Corporation Counsel, of counsel.

ROBERT P. ROLLO, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by respondents from an order granting a writ of mandamus directed to the City of Chicago, its mayor, the members of its city council, and the members of the finance committee, to pass on or before June 30, 1926, an additional appropriation of $17,560, to provide for additional salaries for certain deputy bailiffs already appropriated for. Petitioner's amended petition was met by general and special demurrers, which were overruled, and respondents electing to abide by their demurrers, the writ of mandamus was ordered to issue providing for the salaries of certain specified deputy bailiffs, the order reciting "all of said bailiffs having been duly appointed and who are duly holding the positions to which they are assigned by the bailiff."

The petitioner states that he is the bailiff of the municipal court of the City of Chicago, and for and on behalf of himself and the others therein named shows

that the municipal court is vested with certain powers under the act creating it; that it consists of 37 judges, the bailiff, who is the relator, and a clerk; that upon him and his deputies rests the carrying out of processes issued by the court; that under section 17 of the Municipal Court Act, Cahill's St. ch. 37, ¶ 405, he is authorized and directed to appoint such number of deputies as may be determined from time to time by a majority of the judges of the municipal court by order signed by them and spread upon the court records, and the salaries of such deputy bailiffs shall be fixed by similar order; that on November 25, 1925, 32 of the 37 judges entered an order fixing the number of deputy bailiffs and the rates of salaries per annum for the various positions thus named, and a certified copy of this order was served on the City of Chicago, the city council and the finance committee of the city council; that at a later date, to wit, on May 20, 1926, this order was amended by changing the salary of the chief deputy bailiff from $7,500 to $6,000, which was the amount of his salary specifically fixed by statute, and a certified copy of this order as amended was served on the city council; that the city council and the finance committee were repeatedly requested by the relator and by the judges to appropriate the sums of money set forth in the order of the judges; that under the order the relator was thereby authorized and directed to appoint the number of deputy bailiffs at the respective salaries set forth in said order for the fiscal year 1926. The relator further alleged that it was the duty of the city council within the first quarter of the fiscal year to pass an annual appropriation bill and that, the City of Chicago having a population of 100,000 or more, the city council was authorized to pass additional or supplemental appropriation ordinances within the first half of the fiscal year which may relate back to the commencement of the fiscal year; that the city council wholly disregarded its posi-

tive duty in this respect to make the appropriations for the bailiffs of the municipal court as set forth in the order of the judges of said court, but caused to be passed a portion of the appropriation. Relator alleges that the city council thereby refused to perform the legal duty imposed upon it under the law; that the city council through its finance committee, in response to the requests of the relator, asserted that it had the right to supervise and make deductions from or restrictions on the order of the judges of the municipal court, and that such order is not binding on the city council and its finance committee.

The writ of mandamus was therefore prayed to compel the city council to pass such additional appropriations to enable the bailiff to carry out the duties of his office under the terms of said order of the judges of said court.

It is first argued by respondents that the bailiff is not the proper party to bring this suit. An objection to the parties bringing suit cannot be made by general demurrer, but only by a special demurrer, which was not so made. 6 Encyc. Pleading and Practice, 323; *Liska v. Chicago Rys. Co.,* 318 Ill. 570. An objection to the parties must be made in the trial court. It comes too late when made for the first time in the Appellate Court. *Mengelkamp v. Consolidated Coal Co.,* 259 Ill. 305; *Board of Highway Com'rs v. City of Bloomington,* 253 Ill. 164; *Cox v. Commissioners of Highways of East Fork Tp.,* 194 Ill. 355; *Irish v. Sharp,* 89 Ill. 261.

Respondents next say that the making of appropriations is not a ministerial duty but one which involves discretion, and that the city council has exclusive jurisdiction in this respect. *People ex rel. Egan v. City of Chicago,* 310 Ill. 534, disposes of this contention. It was there held that the legislature had power to create a corporate authority and to endow it with all the attributes and facilities of other pre-

existing corporate authorities, and that: "The judges of the municipal court have by the consent of the people become corporate authorities, not with power to assess and collect taxes, but with control, so far as the law has confided it to them, of the expenses of the court and with power to incur indebtedness on the part of the city for that purpose, for which it is the duty of the city council to provide by the appropriation of money to pay it and the levy of taxes for that purpose."

In the light of this decision, the conclusion is inevitable that the judges of the court have paramount control of the number of deputy bailiffs and the salaries for the same; that this power is lodged in them exclusively, and that the city council has no discretion in the matter but must make the appropriations, when properly requested, as ordered by the judges.

The amended petition alleged that the deputy bailiffs affected by the appropriation were duly appointed and were holding said positions, and the order awarding the writ so found. There is therefore no merit in the suggestion that no one is deprived of a salary or a position.

The fact that the time fixed in the judgment order has passed does not necessarily make the questions involved moot questions. We are asked to pass upon the propriety of the order and for us to refuse to do this, because of the lapse of time, would be to lend the aid of this court to the respondents in their refusal to perform the duty imposed upon them by law.

The city council, where an appropriation is by statute mandatory, cannot neglect or refuse to make such an appropriation and by such refusal permit its failure to perform its express duty to nullify the statute imposing that duty. *City of Cairo v. Campbell,* 116 Ill. 305.

We hold that the trial court was right in overruling the demurrers and that the order awarding the writ properly followed, and it is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.