(No. 21737.—

THE PEOPLE *ex rel.* Anna R. Cannon *et al.* Appellees, *vs.*
THE CITY OF CHICAGO *et al.* Appellants.

*Opinion filed February 23, 1933.*

WILLIAM H. SEXTON, Corporation Counsel, and LEON HORNSTEIN, (CARL J. APPELL, of counsel,) for appellants.

GOODNOW, ALLABEN & SNEWIND, (CHARLES N. GOODNOW, of counsel,) for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The People of the State, on the relation of Anna R. Cannon and twenty-seven other persons, filed a petition for a writ of *mandamus* in the circuit court of Cook county. The writ was sought to compel the city of Chicago and the mayor and aldermen of the city to make an additional appropriation to pay the salaries of the relators as the city's probation officers. Two demurrers, one by the city and the mayor and the other by the aldermen, were interposed to the petition. The demurrers were overruled; the respondents elected to abide by them, and the writ of *mandamus* was awarded. The respondents, assigning the invalidity of the statute upon which the petition is based, prosecute this direct appeal.

On December 7, 1931, a majority of the thirty-seven judges of the municipal court of Chicago elected the twenty-eight relators probation officers for the city and caused an order to that effect to be entered of record. Subsequently, on December 28, nineteen judges of the municipal court, constituting a quorum, signed an order fixing the salary of each of the probation officers so appointed at $2400 per annum, subject, however, to a deduction, each year, of a sum equivalent to three-quarters of a month's salary. The judges

of the municipal court, on the same day, by a second order fixed the total of the annual salaries of the twenty-eight probation officers, computed on the basis of eleven and one-quarter months, at $63,000. Certified copies of these orders were forwarded to the city clerk, the city council and to the finance committee of the city council.

The relators allege in their petition that it is the duty of the city council, within the first quarter of each fiscal year, to pass an ordinance appropriating such sums of money as may be deemed requisite to defray the necessary expenses and liabilities of the corporation, specifying in the ordinance the objects and purposes for which the appropriations are made and the amount appropriated for each object or purpose; that since the city of Chicago has a population in excess of one hundred thousand, the city council may, at any time within the first half of the fiscal year, by a two-thirds vote of all its members, pass additional or supplemental ordinances making appropriations from receipts derived from any source other than the annual taxes levied in accordance with the provisions of section 1 of article 8 of the Cities and Villages act; that the city council was required to appropriate $63,000 to pay the salaries of the twenty-eight probation officers appointed by the judges of the municipal court, but that the council disregarding its duty, appropriated only $44,885.75 for that purpose, and that, despite repeated demands, it has since refused to appropriate the additional $18,114.25. Further allegations of the petition are that the judges of the municipal court fixed the salaries of the relators at the minimum prescribed by the statute; that the relators continue to perform their duties as probation officers; that the law requires the city council to make the additional appropriation to defray their salaries, and that they are entitled to the writ of *mandamus* sought by their petition.

The act entitled "An act providing for a system of probation, for the appointment and compensation of probation

officers, and authorizing the suspension of final judgment and the imposition of sentence upon persons found guilty of certain defined crimes and offenses, and legalizing their ultimate discharge without punishment," (Laws of 1911, p. 277; Cahill's Stat. 1931, p. 1098; Smith's Stat. 1931, p. 1102), became effective July 1, 1911. Section 14 of the act provides that the compensation to be paid to any probation officer appointed by any municipal or city court shall be determined by the city council of the city in which the municipal or city court is situated and shall be paid out of the city treasury on warrants drawn for that purpose, provided that the compensation paid any probation officer in counties of the third class, other than the chief probation officer and not more than three assistants, shall not exceed $2600, nor be less than $2400 a year, and, in case of probation officers appointed by a municipal or city court, shall be fixed by the court with the approval of the city council.

The appellants contend that section 14 of the Probation act, to the extent that it attempts to fix the minimum salaries for the payment of which the city council is required to make appropriations, is in conflict with sections 9 and 10 of article 9 of the constitution of this State. These sections read as follows: "The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes; but such taxes shall be uniform in respect to persons and property, within the jurisdiction of the body imposing the same." Section 10. "The General Assembly shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes, but shall require that all the taxable property within the limits of municipal corporations shall be taxed for the payment of debts contracted under authority of law, such taxes to be uniform in respect to

persons and property, within the jurisdiction of the body imposing the same. Private property shall not be liable to be taken or sold for the payment of the corporate debts of a municipal corporation."

The appellants argue that the phrase "corporate purposes," as used in the foregoing sections of the constitution, includes purposes of a governmental as well as of a local character, and that a legislative act which, by requiring the performance of a function of the State, subjects a city to a financial burden or obligation that must be discharged by taxation, imposes a tax within the meaning of the tenth section of article 9 of the constitution.

The powers, duties and liabilities of municipal corporations, unless restrained by constitutional limitations, are wholly under the control of the General Assembly. (*People v. Lake Erie and Western Railroad Co.* 248 Ill. 32; *Harris v. Board of Supervisors,* 105 id. 445; *Town of Fox v. Town of Kendall,* 97 id. 72). The General Assembly may compel a municipal corporation to perform any duty which relates to the general welfare and security of the State although the performance of the duty will create a debt to be paid by local taxation. *St. Hedwig's School v. Cook County,* 289 Ill. 432; *Chicago, Milwaukee and St. Paul Railway Co. v. County of Lake,* 287 id. 337; *People v. County of Williamson,* 286 id. 44; *Trustees v. Lincoln Park Comrs.* 282 id. 348; *People v. Abbott,* 274 id. 380; *City of Chicago v. Knobel,* 232 id. 112; *City of Chicago v. Manhattan Cement Co.* 178 id. 372; *Supervisors v. People,* 110 id. 511; *Drainage Comrs. v. Rector Drainage District,* 266 id. 536; *Wetherell v. Devine,* 116 id. 631; *Town of Fox v. Town of Kendall,* 97 id. 72.

The appellants argue, however, that while the power of the General Assembly to impose duties or obligations upon quasi-municipal corporations or agencies of the State, such as counties and townships, resulting in local taxation, is conceded, yet the same power with respect to voluntary

municipal corporations, such as cities, villages and incorporated towns, is withheld. No such distinction appears to have been made in the foregoing cases. Section 9 of article 9 of the constitution prohibits the General Assembly from imposing taxes upon municipal corporations, or the inhabitants thereof, for corporate purposes. Corporate purposes are such as are germane to the objects of the creation of the municipality or have a legitimate connection with those objects and a manifest relation thereto. (*Robbins* v. *Kadyk*, 312 Ill. 290; *Stone* v. *City of Chicago*, 207 id. 492, p. 504; *Board of Supervisors of Livingston County* v. *Weider*, 64 id. 427). Such purposes do not include functions which a municipal corporation performs in its governmental capacity as an agency of the State. Section 9 of article 9 of the constitution does not deprive the General Assembly of the power to impose taxes on municipal corporations for purposes not local in character but to obtain the performance of duties which promote the general welfare and security of the State.

The purpose of the system of probation is the same throughout the State. It is not local in character. The duties which probation officers perform have no particular or peculiar relation to the corporate functions of a municipality. The section of the Probation act under consideration has in it elements of public interest and policy relating to the general welfare. The provision for a minimum compensation which shall be paid to the probation officers appointed by the judges of the municipal court is therefore not in contravention of sections 9 and 10 of article 9 of the constitution.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*