Walter E. Stahl et al., Appellants, v. Board of Education of City of Chicago, Appellee.

Gen. No. 44,189.

Opinion filed May 26, 1948. Released for publication June 10, 1948.

WILBUR A. AUSTIN, of Chicago, for appellants; N. N. STONE, of Chicago, of counsel.

RICHARD S. FOLSOM, of Chicago, for appellee; JAMES W. COFFEY and HARRY L. MURRAY, both of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

Walter E. Stahl and others were employed by the Board of Education of the City of Chicago as carpenters and other building trade workers. The 1945 budget provided for a salary for each of them at $13.60 per day. This amount was paid to them for their services during 1945. There was no further or additional appropriation made for their salaries in the 1945 budget. They filed an amended complaint in the circuit court of Cook county against the Board, alleging that they were entitled to be paid according to the prevailing wage rate; that prior to June 1, 1945, the prevailing rate for carpenters in the City of Chicago was $1.70 an hour; that they were so paid by defendant; that on June 1, 1945, the prevailing wage rate was increased to $1.77½ per hour; that on June 20, 1945, the prevailing rate was increased to $1.85 per hour and that the latter wage rate continued as the prevailing rate in the City of Chicago until Decem-

ber 31, 1945; that they made demand upon defendant to pay for their services at the prevailing wage scale; and that defendant refused so to do. Plaintiffs asked judgment for the difference between the wages actually paid and the amount earned at the prevailing wage scale from June 1, 1945 to December 31, 1945. The court sustained defendant's motion to strike and dismiss the amended complaint and entered judgment accordingly, from which plaintiffs appeal.

Plaintiffs contend that their amended complaint sets forth a good cause of action; that as civil service employees they were entitled to compensation on the basis of the prevailing scale; that the employees of their craft and classification have for a long time prior to June 1, 1945, been paid the prevailing scale; that the budget passed January 10, 1945, provided for the payment of the then prevailing scale to plaintiffs; that the failure of the Board to appropriate sufficient funds to meet the contingencies of increases in the prevailing scale cannot be charged to them; that they are not guilty of laches; and that they did not waive any rights by accepting less than the amounts due them. Defendant asserts that the amended complaint shows that in the 1945 budget it appropriated the specific sum of $13.60 per day for each of plaintiffs' salaries during the entire year of 1945; that it did not appropriate the "prevailing scale"; that the 1945 budget fixed the salary of plaintiffs at the amount actually appropriated therein, namely, $13.60 per day, for that year; that this amount was paid to them during 1945; that after the adoption of its 1945 budget it could not make any appropriation over and above the sum of $13.60 provided for in the 1945 budget for 1945 salaries; that it could not make any contract or do any act which would add to its expenditures or liabilities in 1945 other than as provided for in the 1945 budget; that neither the Civil Service Commission nor the Wage Adjustment Board had anything to do with sal-

aries of the Board employees; that no appropriation for salary increases was provided for in the 1945 budget and that if recovery of alleged 1945 salary increases were allowed over and above those appropriated for in the 1945 budget, such action would be contrary to the constitution and statutes.

 The motion to strike admits the truth of allegations well pleaded. Plaintiffs are civil service employees of defendant. They are classified by the Civil Service Commission as follows: "Class K * Building Trades, Embracing positions the duties of which require practical skill in the recognized building and construction trades and supervision thereof. . . . Grade 9. . . . II–K–3 Senior Position. Carpenter. Group A–Prevailing Scale. . . ." In the budgets for 1942, 1945 and 1946, the wage rates differed in dollars and cents, but actually equalled the prevailing scale of pay in existence at the time of the passage of the respective budgets. The 1946 budget, after appropriating $1,772,354 at the rate of $14.80 per day, also appropriated $30,000 "to adjustment in wages for per diem employees to conform with prevailing rates when approved by Board.". We conclude that the Board has followed the practice of appropriating at the prevailing wage rates for the crafts in which plaintiffs are employed.

On August 5, 1942, the Board passed the following: "The business manager recommends that authority be granted for an increase in the hourly rate of pay for carpenters from $1.62½ per hour to $1.70 per hour for an eight hour day with 25 cents per hour above this scale for foreman with double time for overtime to be effective July 1, 1942. Reasons: The architect advises that he is in receipt of communication from the Chicago District Council of Carpenters stating that this new agreement has been entered into with the Builders Association of Chicago and that it is the policy of the Board of Education to pay such wages as

are established as the union scale. Financial: To be charged as job costs.''

Plaintiffs maintain that the action of the Board at the meeting of August 5, 1942, not only applied to the payment of the prevailing scale during that year, but established a policy and expressed the intent of defendant to continue this policy until such time as it might be changed; that while the 1945 budget sets forth the daily rate of $13.60, there can be no question that the intent of defendant was to pay the prevailing scale; and that the amount appropriated was the prevailing scale at that time. Plaintiffs further state that having been hired through the Civil Service Commission at the prevailing scale of pay, it became incumbent on defendant to pass an appropriation so that the increases could be made; that the resolution of the Board of August 5, 1942, had the same force and effect as an ordinance; and that such ordinance established the prevailing scale or rate of compensation to be paid to them. They argue that it therefore became the duty of the defendant to appropriate a sufficient sum for the payment of the prevailing scale and that the appropriation and payment of a lessor amount did not discharge defendant's obligation. In their brief plaintiffs declare: ''It is not plaintiffs' position that the defendant could pass subsequent appropriations, but in the passage of the original appropriation bill provision should have been made to pay the plaintiffs as employees of the defendant under Civil Service, at the prevailing rate, during 1945.'' In their amended complaint plaintiffs also allege that the increases in their wage scale, made in June 1945, were approved by the Wage Adjustment Board, and contend that the action of the Wage Adjustment Board was an element to establish what the prevailing scale was during the period in question.

■■ The Civil Service Commission regulates only the manner of appointment and removal of civil service employees of the Board of Education. The commission has nothing to do with fixing the salaries. It considers salaries only to determine to what grade or class a position belongs. The power of determining and fixing wages and salaries of Board employees rests solely with the Board. Sec. 34–15 of the School Code provides that the Board shall prescribe the duties, compensation and terms of employment of its employees. (Par. 34–15, ch. 122, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 123.1376].) By this language the Board is empowered to determine the wages and salaries of its employees. This power was exercised by appropriating specific sums for the payment of wages and salaries in its annual budget. Sec. 34–52 of the School Code provides that after the adoption of the budget the Board shall not make any other appropriations prior to the adoption or passage of the next succeeding budget. Sec. 34–53 provides that no contract shall be made or expenses or liabilities incurred by the Board in excess of the amount appropriated in the budget. The Board did not in 1945 appropriate for wages by using the term "prevailing scale." The 1945 budget appropriation for plaintiffs' wages was the specific sum of $13.60 per day. There was no provision therein for any salary increases. The amount had to be definite; otherwise, the amount to be raised by taxes would not be known. The annual school budget precedes the adoption of the tax levy ordinance.

■ ■ We agree with defendant that what the Board might have done or appropriated in 1942 and 1946 has no bearing on the 1945 salaries. The intent of the Board to pay the prevailing scale as shown by the resolution of August 5, 1942, was carried into effect by the 1945 budget. When that budget was adopted the Board did not provide for the event of an increase

in the prevailing wage rate for plaintiffs as it did in the 1946 budget. Expenditures appropriated for in one year are limited to that year. In support of plaintiffs' argument that the appropriation and payment of a lesser sum than that fixed as salary by statute or ordinance did not discharge the obligation of defendant, they cite *City of Chicago v. McNally,* 117 Ill. App. 434; *People ex rel. Snow v. City of Chicago,* 244 Ill. App. 66; and *Barnard v. City of Lynn,* 295 Mass. 144, 3 N. E. (2d) 264. In our opinion these cases do not support plaintiffs' position. In the *McNally* case plaintiff was paid less than the sum appropriated for his position. He sued for the difference. The court held that plaintiff's right to the position carried with it the right to the salary fixed by the ordinance. The *Snow* case involved the salaries of deputy bailiffs and deputy clerks of the municipal court of Chicago. These salaries were specifically fixed by statute and by the judges of that court. This left the City Council no discretion, but obliged it to appropriate as ordered by the statute and the judges. In the *Barnard* case under an ordinance of the City of Lynn plaintiffs were entitled to receive 70 cents an hour, or $30.80 a week. The 1932 budget did not appropriate a sum sufficient to pay the salaries fixed by the ordinance. The cases of *Rappaport v. City of Lawrence,* 308 Mass. 545, 33 N. E. (2d) 290; *Fortin v. City of Chicopee,* 301 Mass. 447, 17 N. E. (2d) 441; and *Callahan v. City of Woburn,* 306 Mass. 265, 28 N. E. (2d) 9, cited by plaintiffs, are not applicable to the situation presented by the record in the instant case. In the *Rappaport* case sufficient money was appropriated to pay plaintiff's salary, but was diverted. In the *Fortin* case the salary was established by a separate ordinance. The City Council overlooked amending the salary ordinance when it reduced the budget. In the *Callahan* case the salary was also established by a separate ordinance and by contracts. As pointed out, the defendant in

the instant case did not fix salaries or wages by a separate ordinance or contract, but by its annual budget. It is unnecessary to consider the further contention that plaintiffs' action is barred under the doctrine of laches.

For the reasons stated the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

Lewe, P. J., and Kiley, J., concur.