The People of the State of Illinois, ex rel. Rosemarie Effertz, et al., Members of the Board of Library Directors of the Village of Franklin Park, Plaintiffs-Appellees, v. Benjamin Brzezinski, President of the Village of Franklin Park, Richard Gast, et al., Trustees of the Village of Franklin Park, Joseph Catellani, Clerk of the Village of Franklin Park, and The Village of Franklin Park, a Municipal Corporation, Defendants-Appellants.

Gen. No. 52,082.

First District, Third Division.

January 18, 1968.

Rehearing denied February 9, 1968.

Norman E. Jacobson, of Chicago, for appellants.

Klein, Thorpe, Kasson & Jenkins, of Chicago (Arthur C. Thorpe and Peter Pappas, of counsel), for appellees.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is a suit for declaratory judgment brought by plaintiffs, the members of the Board of Library Directors

of the Village of Franklin Park (library board), against the President, Village Trustees and Clerk of the Village of Franklin Park and the Village of Franklin Park. Plaintiffs sought a declaration that the corporate authorities have the duty to appropriate and levy taxes in accordance with the requested amount set forth by the plaintiffs. The trial court found in favor of plaintiffs and entered an order declaring that the President and Board of Trustees of the Village (village board) have a ministerial duty to appropriate the full sum set forth by plaintiffs and to levy taxes in that amount. Defendants appealed from that order.

The sole issue presented on appeal is whether the library board has the power to determine the amount of money to be appropriated and levied for library purposes or the power is one of the village board.

The defendants contend that after the electors have voted to establish and maintain a public library, the corporate authorities must levy an annual tax to maintain the library, but that the amount of the levy, under the terms of the Public Libraries Act (Ill Rev Stats 1965, c 81), is to be determined by defendants, the corporate authorities. The issue therefore is one of statutory interpretation and, as language directly conferring the powers on plaintiffs or defendants is not to be found within the Act, the meaning must come from a reading and understanding of the several relevant sections of the Act. This is not a question of whether a board such as the library board could be given the power of final decision, but rather what was the intention of the legislature as to this situation.

Section 3–4 of the Act states in part:

> "When the electors of an incorporated town, village or township have voted to establish and maintain a public library . . . the corporate authorities of such incorporated town, village or township may levy an annual tax for the establishment and maintenance of

such library, not exceeding .12% of full, fair cash value as equalized or assessed by the Department of Revenue. . . ."

The above section states that taxes may be levied for library use and such language has been held to mean that once the library has been legally established funds must be provided therefor by taxation. (People ex rel. Moffett v. Turnbull, 184 Ill App 151.) Although no direction is given as to who shall determine the amount to be levied, it is clear that the corporate authorities are the ones who are to levy the taxes.

The Act provides in section 1–1 that the term corporate authorities means the corporate authorities as defined in section 1–1–2 of the Illinois Municipal Code. That section provides in part as follows:

"(2) 'Corporate authorities' means . . . (b) the board of trustees or similar body when the reference is to villages . . ." (Ill Rev Stats 1965, c 24, § 1–1–2.)

Section 4–7 of the Public Libraries Act sets forth the powers and duties of the library board. It has the power of exclusive control of all moneys collected for the library and deposited to the credit of the library fund. This is control only over the disposition of those funds which have been levied and collected. The library board is also given the power to appoint a competent librarian and necessary assistants and to fix their compensation. Plaintiffs claim that that power means that the village board must therefore accept their recommendation as to funds to be appropriated or the above clause would be rendered meaningless. Plaintiffs rely on People ex rel. Egan v. City of Chicago, 310 Ill 534, 142 NE 161. In that case the statute allowed the judges of the Municipal Court to fix the number of deputy bailiffs and the amounts of their salaries within certain limitations. The court held on page 538 that the legislature had created in the judges

a corporate authority, and when that act was accepted by the voters it gave the judges control of the expenses of the court and the "power to incur indebtedness on the part of the city for that purpose, for which it is the duty of the city council to provide by the appropriation of money to pay it and the levy of taxes for that purpose." The Public Libraries Act by its own terms distinguishes the instant case from the Egan case by distinguishing the library board from corporate authorities. It refers us to a clear but narrow definition of that term as given in the Municipal Code. Throughout the Public Libraries Act the terms corporate authorities and Board of Library Directors are used and always as two separate bodies. In several sections of the Act the library board is given authority to determine policies or actions with permission of the corporate authorities (e. g. §§ 5–1, 5–2, 5–6). This would indicate that on major steps the permission or approval of the village board is needed. Certainly the total amount to be appropriated for library use is a major decision and the final approval of the sum must come from the village board.

Plaintiffs and defendants both rely on section 4–10(6) which provides that the library board shall furnish to the village board "a statement of the financial requirements of the library for the ensuing fiscal year, and of the amount of money which, in the judgment of the board of directors, it will be necessary to levy for library purposes in the next annual tax levy ordinance; . . . ." This clause merely requires the library board to notify the village board of the upcoming needs. This is to reflect the judgment of the library board. There is no requirement that the village board honor the total request.

The case of People ex rel. Schlaeger v. Jarmuth, 398 Ill 66, 75 NE2d 367, involved a tax to be levied for the Municipal Employees' Annuity and Benefit Fund of the City of Chicago. The act creating this fund provided in part:

"The amount of the tax to be levied in each year shall be certified to the city council of such city, by the retirement board of the annuity and benefit fund herein provided for."

The court held that final determination of the amount of the levy was up to the city council and said on page 70:

"Neither this section nor any other section of the act specifies that the tax levied by the city council shall be in the sum certified by the retirement board as the amount of the tax to be levied. The act nowhere states that the amount certified by the retirement board must be the amount levied by the city council. If the legislature had intended that the board should have the absolute power to fix and determine the amount of the tax to be levied and that the council should have no discretion whatever in the matter, it is only reasonable to suppose that the legislature would, in that event, have directed the council to levy the sum certified by the board instead of directing it to levy a sum 'sufficient for the purpose of such fund in accordance with the provisions of the act.' This language makes it apparent that the action of the retirement board in determining and certifying to the city council the amount of the tax to be levied is merely advisory to the council and that it is the council and not the board, to whose discretion is committed the final determination as to the amount of the tax which is levied."

In Ickes v. Board of Sup'rs of Macon County, 415 Ill 557, 114 NE2d 669, the court analyzed a statute which created a Veterans Assistance Commission and provided for the funding thereof. The court said on page 561:

"Analyzing the statute in question, it is apparent that the county board must make an appropriation upon the recommendation of the veterans assistance com-

mission. That appropriation, however, can be no more than the maximum amount allowed by the statute. The act does not say that the appropriation must be in the amounts recommended by the commission. It states purely and simply that the board shall appropriate such amounts as may be deemed necessary to properly compensate employees. What is a proper compensation is certainly within the discretion of the board."

The above cases are relevant to the instant case insofar as statutory interpretations are concerned and they indicate that the intention of the legislature in enacting the Public Libraries Act was for the library board to give recommendations as to the amount to be levied, but for the village board to determine the final amount necessary for the maintenance of such library.

Plaintiffs and defendants agree that the village board may not refuse to levy any taxes for library purposes and, presumably, the amount must be fair and reasonable. However, there is no requirement in the language or spirit of the act that the village board must honor the recommendation of the library board as to the amount to be appropriated and levied if, in the opinion of the village board, the amount requested is excessive.

Defendants also raise the point that to allow the library board the power of final determination of the sum to be appropriated and levied for library purposes would violate the constitution of the State of Illinois. Because we have found that the Public Libraries Act does not vest the library board with that power, we need not consider this point.

For the above reasons the judgment order of the trial court is reversed.

Judgment reversed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.