(No. 41862.—

THE PEOPLE *ex rel.* May Milos *et al.,* Appellants, *vs.* WILLIAM E. KUTSCHKE *et al.,* Appellees.

*Opinion filed March 27, 1969.—Rehearing denied May 28, 1969.*

KLEIN, THORPE, KASSON & JENKINS, and AVGERIN, AVGERIN & PAPPAS, both of Chicago, (ARTHUR C. THORPE, PETER PAPPAS, and PATRICK A. LUCANSKY, of counsel,) for appellants.

MARVIN J. GLINK and RONALD M. GLINK, both of Chicago, for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

These *quo warranto* proceedings challenge the validity of the proceedings leading to the conversion of two public libraries in Cook County into public library districts.

The villages of Bridgeview and Franklin Park were each served by a tax-supported public library originally created by referendum and governed by an elected board of library directors pursuant to section 2—2 of the Public Libraries Act. (Ill. Rev. Stat. 1965, ch. 81, par. 2—2.) Each of these boards subsequently initiated proceedings under section 2—7(3) of the Public Library District Act (Ill. Rev. Stat. 1967, ch. 81, par. 1002—7(3)) to convert its library to a "public library district". This section permits a board of directors of a public library established within any county, city, village, incorporated town or township to convert the existing library to a public library district in the following manner: the board must give 20-days notice of its intent to adopt a conversion resolution, and such resolution must be adopted by a 2/3 vote of all members of the board; thereafter the directors must file with the circuit court a petition to convert including therein the statutorily required facts as to the history of the library, the tax-rate ceiling, geographical area involved, *etc.;* a court order must then be secured fixing a hearing date, and notice of this hearing must be given by publication and posting; if a petition bearing the signatures of at least 100 voters in the area sought to be converted is filed with the court prior to the hearing, the order of conversion shall submit the question of conversion to the voters pursuant to the petition; if no petition for a referendum is filed, the order of conversion creates a new public library district in accordance with the statutory provisions as to its effective date.

No petition for a "back-door" referendum was filed in the Bridgeview proceedings. A petition for referendum was filed in the Franklin Park proceedings, and the results of the election favored conversion. Orders were subsequently entered in both proceedings completing the conversion and establishing the Bridgeview Public Library District and the Franklin Park Public Library District.

The trial court in the *quo warranto* proceedings held section 2—7(3), insofar as it delegated power to a board of library directors to convert to a public library district without referendum, constituted an unconstitutional delegation of legislative power in violation of section 2 of article II and article III of the Illinois constitution, and entered a judgment of ouster as to the Bridgeview district. However, the trial court upheld the organization of the Franklin Park district since a referendum had actually been held on the question of its establishment. The trustees of the Bridgeview district and the *quo warranto* plaintiffs as to the Franklin Park district have appealed.

In addition to the constitutional questions which constitute the major argument here, plaintiffs urge the conversion proceedings were invalid because of failure to comply with the notice and publication requirements of article 7 of the Public Library District Act. (Ill. Rev. Stat. 1967, ch. 81, pars. 1007—1 through 1007—3.) We agree, and for this reason do not reach the constitutional questions, since it is our established rule that constitutional questions will not be considered unless necessary to the disposition of the case. *In re Estate of Ersch,* 29 Ill.2d 572, 577, and cases there cited.

Rather summarily stated, article 7 and section 2—7(3) require that notice shall be published not less than 20 nor more than 30 days prior to the date of the meeting at which a board of library directors intends to consider adoption of a resolution to petition for conversion. This was done by both boards. It is further required that notice of the time

of the court hearing shall be both published and posted, the posting to consist of 10 notices at conspicuous widely separated places within the district at least 20 days before the hearing plus one copy in the library. This was apparently done by both boards. The library copy in Franklin Park was erroneously posted in the Park District office in ample time and correctly posted in the library 17 days prior to the election. An additional statutory requirement is that copies of all notices must be filed by the board secretaries, or in the case of an election, by the election clerk, with petitions for the proposed district, with the village presidents and the supervisors of all townships lying wholly or partially within the proposed district. This provision was complied with by both boards as to the village presidents. Neither board filed copies with the township supervisors. The Franklin Park proceedings involve a single township; the Bridgeview proceedings involve parts of four townships.

The General Assembly has chosen to provide for communities already having tax-supported libraries a method of conversion to public library districts whereby the traditional prior referendum is eliminated unless petitioned for by 100 or more voters during the conversion proceedings. While this "back-door" referendum method was presumably constitutional, it is clear that there is likely to be significantly less public awareness of the proposed changes than was and is true where a referendum is required prior to the change. While the desirability of this method of voter control presumably involves only a legislative judgment, the resulting diminution in public notice, discussion and interest indicates a necessity for rather close adherence to the statutory requirements designed to insure voter awareness of the proceedings. Among these requirements are those of section 7—3 providing for the filing of copies of notices with the supervisors of all townships lying entirely or partially within the proposed district. The purpose of the requirement seems obvious. In establishing a procedure whereby a sub-

stantial change in the nature and governing structure of a tax-supported library could be accomplished without the absolute necessity of a prior referendum, the General Assembly deemed it desirable that in addition to the published and posted notice, the chief executives of involved townships, cities and villages should receive notice. No apparent attempt was made to file such notices with the supervisor in either Bridgeview or Franklin Park, an omission we believe must be held fatal.

The circumstances here are, in our judgment, closely akin to cases involving tax and election matters, for the purpose of the conversion proceedings was to create a new and autonomous body politic and corporate with taxing powers theretofore vested in the corporate authorities of the villages (see *People ex rel. Effertz* v. *Brzezinski,* 91 Ill. App. 2d 202,) and otherwise substantially enlarged authority. (Boards of library directors such as these had no powers to issue bonds, purchase real estate, build, remodel or repair, mortgage property or purchase certain equipment and materials without prior approval of the corporate authorities of their respective villages. (Ill. Rev. Stat. 1967, ch. 81, pars. 5—1, 5—2, 5—3, 5—6).) To the extent that future development plans and expenditures of the newly created district would no longer be subject to the scrutiny and prior approval of the corporate authorities of the villages, the protection to and advancement of the interests of the taxpayers and residents of the villages may be diminished. And while the conversion procedure affords an opportunity for a "back-door" referendum, it is obvious, as has been demonstrated here, that such referenda will not always be held as would be necessary in an area not served by an existing tax-supported library. Ill. Rev. Stat. 1967, ch. 81, pars. 1002—3, 1002—4.

In view of the substantial consequences resulting from conversion we believe failure to file copies of the notices and petitions with the supervisors of the respective townships

must be held to invalidate the conversion procedure. (*People v. Jennings*, 3 Ill.2d 125, 127; *Bilek v. City of Chicago*, 396 Ill. 445, 461; *Bierbaum v. Smith*, 317 Ill. 147, 149; *Roberts v. Eyman*, 304 Ill. 413, 418-19; *Hall Township High School Dist. v. County Board of School Trustees*, 80 Ill. App. 2d 475.) It is suggested by the defendant directors that the trial court held the requirement of filing notice with the supervisors applicable only where a township library is involved. We find no support for this interpretation in the statute—quite the contrary is true. It seems probable that entire townships are normally embraced within township libraries—but section 7—3 requires filing with supervisors of townships lying entirely or *partially* within the district. It would, in our judgment, be a strained construction of this statutory language to hold it applicable only to conversions of township libraries.

The judgment of ouster entered as to the Bridgeview district trustees is affirmed. The judgment as to the Franklin Park district trustees is reversed and the cause remanded with directions to enter a judgment of ouster as to them.

*Affirmed in part and reversed in part and remanded, with directions.*