HARVEY FIREMENS ASSOCIATION, LOCAL 471, INTERNATIONAL ASSOCIATION OF FIRE-FIGHTERS *et al.*, Plaintiffs-Petitioners-Appellants, *v.* THE CITY OF HARVEY *et al.*, Defendants-Respondents-Appellees.

First District (2nd Division)   No. 77-319

Opinion filed October 25, 1977.—Rehearing denied November 23, 1977.

Michael E. Lavelle, of Chicago, for appellants.

Edward T. Havey, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

The Harvey Firemens Association and other interested parties (plaintiffs) filed a 10-count complaint in the circuit court of Cook County challenging the validity of a residency requirement for the employees of the City of Harvey, Illinois, adopted by the Civil Service Commission of that municipality. The complaint also challenged, among other matters, the dismissal of a "classified civil service employee" of the City of Harvey Fire Department. Named as defendants in the action were the City of Harvey and several of its officials, and the Civil Service Commission of the City of Harvey and its members.

The circuit court entered an interlocutory order that Rule VI, section 4 of the Rules and Regulations of the Civil Service Commission of the City of Harvey, adopted and effective January 25, 1944, was legal and enforceable. All jurisdictional requisites were met, and we allowed plaintiffs' application for leave to appeal from that order, pursuant to Supreme Court Rule 308. Ill. Rev. Stat. 1975, ch. 110A, par. 308.

The complaint alleged in pertinent part that the Civil Service Commission of the City of Harvey had no power to adopt the residency rule in question because nothing in the applicable provisions of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, pars. 1—1—1 *et seq.*, and specifically pars. 10—1—1 *et seq.*) granted authority to the Commission to adopt a residency requirement for "classified civil service" employees. As required by Supreme Court Rule 308, the interlocutory order here appealed from recites that the question of law in dispute is:

> "Whether the Civil Service Commission for the City of Harvey, Illinois, has the power, express or implied, to adopt a rule requiring civil service employees of the City of Harvey, Illinois, to reside within its corporate limits as a condition of continued employment?"

The circuit court answered this question in the affirmative.

Plaintiffs contend that civil service commissions in Illinois are creatures of statute and, as such, possess no inherent power, but must find their authority to act within the terms of the enabling statute. They argue the enabling statute here permits a civil service commission to establish a residency requirement relating to persons *applying* for municipal employment falling under civil classification. But plaintiffs contend a civil service commission has neither power under the enabling statute nor inherent authority to establish residency requirements for persons who have been *classified* as civil service employees as a condition to continued municipal employment. Plaintiffs also state that while the City of Harvey, itself, possesses the power to adopt a residency requirement by ordinance, it has not seen fit to do so; and they concede the constitutionality of such requirements as a general rule. See *McCarthy v. Philadelphia Civil Service Com.* (1976), 424 U.S. 645, 47 L. Ed. 2d 366, 96 S. Ct. 1154.

Defendants argue that the City of Harvey Civil Service Commission has power to establish a residency requirement for classified civil service employees through the authority granted to it by statute over applications for and removals from civil service positions. They state that the employee's refusal to move back into the city, rather than the residency requirement, is the cause of the employee's discharge, and that the question of whether a person is an applicant for office or a tenured

(classified) employee has no bearing on the validity of the residency requirement.

## I.

The issue presented does not appear to have been resolved in this State. The issue was raised in the case of *Manion v. Kreml* (1st Dist. 1970), 131 Ill. App. 2d 374, 264 N.E.2d 842, but this court found no need to resolve the issue since the case was disposed of on other grounds.

■■ The principal rule in statutory construction and interpretation is that the legislative intent must be ascertained and given effect through the language of the statute under consideration. Where that language is clear and unambiguous, the sole function of the court is to enforce the statute as enacted. The court will not depart from the plain language of the enactment by reading into it exceptions, limitations or conditions conflicting with the clearly expressed legislative intent. *Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84, 256 N.E.2d 758.

■■ Section 10—1—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—5) relates to the powers and rule-making authority of the municipal civil service commissions. It provides:

> "The commission shall make rules to carry out the purposes of this Division 1 [civil service in cities], and for examinations, appointments and removals in accordance with its provisions, and the commission may, from time to time, make changes in the original rules."

A municipal civil service commission exercises a limited, statutory jurisdiction. No presumption of its jurisdiction obtains in its favor, and it must find in the enabling statute its authority for any power claimed. *People ex rel. Hurley v. Graber* (1950), 405 Ill. 331, 90 N.E.2d 763.

Section 10—1—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—7) relates in pertinent part to examinations to be conducted by the civil service commission for positions in classified service, and expressly provides that the commission shall prescribe "specified limitations as to residence, age, health, habits and moral character" of the applicants for such positions. Section 10—1—18 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—1—18) relates to removal, suspension and retirement of persons in classified service, and provides in pertinent part that such persons shall not be removed "except for cause."

■■ Defendants argue that the power of the civil service commission to adopt rules and regulations relating to the removal of persons in the classified service, and including requirements such as residency, stems from the authority granted to the commission by sections 10—1—5 and

10—1—7 of the Code. They say that the authority granted to prescribe residency requirements for classified service applicants and the authority granted to remove persons from classified service translate into the power to adopt residency requirements as a condition of continued service in a classified position. Militating against this reasoning is the provision in section 10—1—18 of the Code that a person in classified service may be removed only for cause shown, and the further provisions in that section relating to mandatory retirement of firemen and policemen upon reaching an age prescribed by statute or municipal ordinance, in which situation the commission's role is simply to oversee the retirement or discharge of that person. Since the legislature granted to the civil service commissions authority to deal with the question of the age of applicants for classified positions, but withheld such authority with regard to removal, it cannot be reasonably inferred that the grant of authority to the commissions to deal with the question of residency of applicants for such positions constituted also a grant of authority to prescribe residency requirements as a condition of continued classified service. No presumption of jurisdiction obtains in favor of a civil service commission (*People ex rel. Hurley v. Graber*), and no reasonable inference may be made from the pertinent portions of the Illinois Municipal Code upon which to predicate a conclusion that the legislature intended civil service commissions to adopt rules and regulations relating to residency as a cause for removal from classified service. We conclude that the Civil Service Commission of the City of Harvey was without power to adopt Rule VI, section 4 of its Rules and Regulations, relating to residency as a condition of continued employment in a classified position.

Although the *Manion* case did not decide the question presently before this court, it did address the question of whether residency constituted an "employment qualification," such as age, weight and height, and whether a civil service commission should be considered as vested with the power to adopt residency requirements for persons in classified service by virtue of the authority granted to it to prescribe residency conditions for applicants for classified service positions. The court in *Manion* cited to the case of *Stahl v. Board of Education* (1st Dist. 1948), 334 Ill. App. 366, 79 N.E.2d 640, which stated that the civil service commission regulates only the "manner of appointment and removal" of persons in and applying for classified service positions. *Board of Library Directors v. Snigg* (3rd Dist. 1939), 303 Ill. App. 340, 25 N.E.2d 420, was also cited, wherein it was observed that the legislature passed the statute relating to civil service in cities to insure good public service by experienced city employees, to remove those employees from any political pressure which might be brought to bear on them, and to insure their continuous duration in office against discharge without cause. The court in *Manion* concluded that the

question of classified employee residency should best be left to the agency responsible for the day-to-day operations of the department to which the classified employee is attached, rather than the civil service commission, since the former is generally in a better position to determine whether residence within the municipality is essential to the proper performance of his duties. The conclusion reached by the *Manion* court in this regard is commensurate with the goals and purposes of the civil service in cities division of the Illinois Municipal Code. Ill. Rev. Stat. 1975, ch. 24, par. 10—1—1 *et seq.*

We have considered the several cases cited by defendants in support of the regulation here in question and find they are not applicable to the instant circumstances. They either involve unsuccessful attacks on the constitutionality of the residency requirements adopted either by municipalities or municipal agencies, without questioning whether the municipality or agency had the statutory authority to adopt the requirements. (See, *e.g., Wardwell v. Board of Education* (6th Cir. 1976), 529 F.2d 625; *Park v. Lansing School District* (1975), 62 Mich. App. 397, 233 N.W.2d 592; *Andre v. Board of Trustees* (7th Cir. 1977), ___F.2d___ (No. 77-1337, July 27, 1977); *Cook County College Teachers Union, Local 1600 v. Taylor* (N.D. Ill., No. 76-C-3299, January 19, 1977, unreported memorandum opinion; pending on appeal to Court of Appeals, 7th Circuit, No. 76-1266).) Or defendants' cited cases involve an attack on the statutory authority of the municipality or agency to adopt residency requirements, which authority was in fact established in the respective statutes. (See, *e.g., Detroit Police Officers Association v. City of Detroit* (1971), 385 Mich. 519, 190 N.W.2d 97; *Salt Lake City Fire Fighters Local 1645 v. Salt Lake City* (1969), 22 Utah 2d 115, 449 P.2d 239; *Ahern v. Murphy* (7th Cir. 1972), 457 F.2d 363.) Defendants also advance for our consideration several cases involving removal of tenured employees, or reduction of their salary or pension, and argue that statutes permitting such action have been upheld; again, in light of the instant circumstances, these cases are not applicable. See, *e.g., Dodge v. Board of Education* (1936), 364 Ill. 547, 5 N.E.2d 84, *aff'd*, 302 U.S. 74, 82 L. Ed. 57, 58 S. Ct. 98; *Groves v. Board of Education* (1937), 367 Ill. 91, 10 N.E.2d 403, *appeal dismissed*, 303 U.S. 622, 82 L. Ed. 1085, 58 S. Ct. 746.

II.

We have not been requested, nor has a sufficient record been presented, to assess the applicability of section 3—14—1 of the Illinois Municipal Code to the questions raised in the complaint. (Ill. Rev. Stat. 1975, ch. 24, par. 3—14—1.) We accordingly express no opinion in that regard on this interlocutory appeal.

For these reasons the question certified to this court from the circuit

court of Cook County is answered in the negative. The order appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Order reversed and cause remanded with directions.

STAMOS and PUSATERI, JJ., concur.