ANN B. PAINTER, Supervisor of the Town of Lyons, Plaintiff-Appellant, v. THE BOARD OF TRUSTEES OF THE TOWN OF LYONS, Defendant-Appellee.

First District (1st Division)   No. 86—2756

Opinion filed August 31, 1987.

---

Robert F. Peck & Associates, of LaGrange (Robert F. Peck, of counsel), for appellant.

Richard S. Jalovec & Associates, of Chicago (Robert E. Knoppe, of counsel), for appellee.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

This is an action for declaratory judgment, mandamus or injunctive relief, brought by the plaintiff, Ann B. Painter, the township supervisor (supervisor) and *ex officio* supervisor of general assistance of the town of Lyons, to compel the defendant, the town of Lyons board of trustees (board), to budget $7,980 for the continued employment of an intake social worker in the general assistance office which the plaintiff had determined was necessary.

The supervisor submitted a general assistance budget to the board for the fiscal year 1986-87 for $292,000. This amount included $13,800 for an intake social worker employed in the general assistance office. The board adopted a general assistance budget for the full $292,000 but reduced the line item for intake social worker to $5,280 and transferred the balance, $7,980, to the line item for home relief. Thereafter, the board, by letter dated June 16, 1986, informed the present intake social worker that by adoption of its 1986-87 budget, the board had eliminated the position of intake social worker effective July 1, 1986.

On June 30, 1986, plaintiff filed her complaint for declaratory judgment, mandamus and injunctive relief requesting, *inter alia*, a temporary restraining order to prevent the dismissal of the general assistance intake social worker. Plaintiff's request for a temporary restraining order was denied. Subsequently, the plaintiff filed an amended complaint for declaratory judgment, mandamus and injunctive relief. Plaintiff then filed a motion for summary judgment and the defendant moved to dismiss the plaintiff's complaint. On September 16, 1986, after hearing arguments, the trial court denied the supervisor's motion for summary judgment and granted the board's motion to dismiss the complaint. The supervisor has now appealed to this court.

Painter, the township supervisor, contends in her appeal that the trial court erred by (1) holding that the board could not be compelled to budget an amount deemed necessary by the supervisor for maintaining and compensating an adequate number of general assistance employees; and (2) ruling that the board could refuse to appropriate sufficient funds for a general assistance employee and thereby terminate an existing employee, even though the supervisor had determined that

the employee was necessary to provide public aid within the town. The defendant board, on the other hand, asserts that the authority for the enactment of an appropriation ordinance is vested in the board by the Municipal Budget Law (Ill. Rev. Stat. 1985, ch. 85, par. 801 *et seq.*) and, that the exercise of this authority is a discretionary legislative function. The board contends that the trial court therefore properly granted its motion to dismiss plaintiff's complaint.

Essentially, it is the plaintiff's position that, as *ex officio* supervisor of general assistance, she has the sole authority for determining the number of people that should be employed in the township's general assistance office, who these people should be, and how much compensation they should receive. Additionally, she contends that the township's board has the duty to budget such funds as she, the general assistance supervisor, has deemed necessary in order to employ the personnel and to perform the duties required to provide public aid for the township. Furthermore, she asserts that, if the board fails to or refuses to provide the necessary funds, the board may be compelled to do so.

In support of her contention, the plaintiff relies upon section 12—21.2 of the Public Aid Code (Ill. Rev. Stat. 1985, ch. 23, par. 12—21.2), which provides:

> "In counties under township organization, the supervisors of the respective towns therein shall be ex officio Supervisors of General Assistance of their towns. The Supervisor of General Assistance shall appoint such other employees as may be necessary to provide public aid under Article VI and prescribe their compensation and duties."

Section 12—3 of the Public Aid Code provides that local governments, such as the town of Lyons, "shall" provide funds for the general assistance program. Furthermore, the plaintiff points out that, consistent with this duty to fund the operations necessary to provide public aid, as determined by the supervisor of the general assistance office, township law specifically limits the township board's authority over the general assistance office, expressly providing in section 13—11, in pertinent part, as follows:

> "The township board of trustees may employ and fix the compensation of a township attorney and such other employees as the Board of Trustees may deem necessary, *excluding the employees of the office of Supervisor of General Assistance * * *.*"

(Emphasis added.) Ill. Rev. Stat. 1985, ch. 139, par. 126.1.

Thus, the plaintiff concludes that, contrary to the trial court's ruling, the legislature merely intended for the township board to ensure

that the necessary funding was provided for the general assistance office. Moreover, the plaintiff submits that to allow the board of the town of Lyons to become involved in the process of hiring and compensating general assistance employees through the budget process would allow the board to do indirectly what the statutes clearly prevent the board from doing directly.

The defendant board, on the other hand, contends that under section 3 of the Municipal Budget Law, it is the board's responsibility to adopt a combined budget and appropriation ordinance to provide such sums of money as are necessary to defray all the expenses and liabilities of the municipality, i.e., the town of Lyons. (Ill. Rev. Stat. 1985, ch. 85, par. 803.) While the defendant recognizes that section 12—21.2 of the Public Aid Code gives the plaintiff supervisory powers over the general assistance program and the authority to appoint employees to positions in the general assistance office, it is the defendant board's contention that the supervisor can only exercise these powers within the constraints of the board's funding responsibility under section 3 of the Municipal Budget Law. To allow the plaintiff to dictate the level of the general assistance budget for a specific number of employees would, the board argues, place the elected officials of the board in a "politically" untenable position of levying taxes for expenditures over which they have no control. This, the defendant board asserts, could not have been intended by the legislature. The board further claims that the cases cited by the plaintiff are distinguishable as those cases only involved the constitutional issue of separation of powers between the courts and the legislature.

Initially, we observe that it is not our function to determine the wisdom of the scheme adopted by the legislature, rather, it is only our responsibility to determine the legality of the particular procedure. We further note that in several historical instances, the Illinois legislature has imposed a duty on one local government entity to enact or impose a tax levy on behalf of another local government. (See *Gray v. Board of School Inspectors* (1907), 231 Ill. 63, 83 N.E. 95; *People ex rel. Raymond v. Koelling* (1902), 196 Ill. 353, 63 N.E. 735; *City of Rockford v. Gill* (1978), 60 Ill. App. 3d 94, 376 N.E.2d 420; *People ex rel. Moffett v. Turnbull* (1913), 184 Ill. App. 151.) Contrary to the defendant's assertion that the cases of *People ex rel. Cannon v. City of Chicago* (1933), 351 Ill. 396, 184 N.E. 610, *People ex rel. Egan v. City of Chicago* (1923), 310 Ill. 534, 142 N.E. 161, and *People ex rel. Snow v. City of Chicago* (1927), 244 Ill. App. 66, were merely cases involving separation of powers issues, we believe those cases stand for the proposition that a local governmental entity can be called upon to enact the neces-

sary taxes to fund another local government activity, even though it has no control over the amount to be included in that levy. As the court stated in *People ex rel. Cannon v. City of Chicago* (1933), 351 Ill. 396, 400, 184 N.E. 610, 612:

"The powers, duties and liabilities of municipal corporations, unless restrained by constitutional limitations, are wholly under the control of the General Assembly. [Citations.] The General Assembly may compel a municipal corporation to perform any duty which relates to the general welfare and security of the State although the performance of the duty will create a debt to be paid by local taxation. [Citations.]"

Also, even under recent legislation, the General Assembly continues from time to time to impose such a duty in certain instances, as the Illinois Supreme Court found in upholding the Chicago School Finance Authority Act (*Polich v. Chicago School Finance Authority* (1980), 79 Ill. 2d 188, 402 N.E.2d 247). The supreme court held that the Chicago city council was properly required to levy taxes as determined to be necessary by the School Finance Authority for the operation of Chicago public schools, even though the city council had no say in determining the amount of the line items in the budget. (See Pub. Act 81—1221, codified at Ill. Rev. Stat. 1981, ch. 122, par. 34A—101 *et seq.*) The supreme court specifically found that this funding procedure did not violate the 1970 Constitution, noting that the General Assembly is constitutionally unrestricted in the manner it chooses to delegate the power to tax and in the manner it directs a local government to exercise that responsibility. *Polich v. Chicago School Finance Authority* (1980), 79 Ill. 2d 188, 204, 402 N.E.2d 247, 254.

We believe that *Johnson v. Town of City of Evanston* (1976), 39 Ill. App. 3d 419, 350 N.E.2d 70, is similar to the present case and is persuasive here. In that case our court upheld the authority of a supervisor of general assistance in Evanston Township to set and revise the basic maintenance levels in order to determine the benefits that general assistance recipients would receive. This court held that the supervisor had the exclusive authority under the statute to set the basic maintenance level even though the city council of Evanston would, as a consequence, be required to raise sufficient taxes to fund these general assistance payments. We found exclusive authority in the supervisor despite the fact that the city council also had a specific statutory duty to set rules and regulations relating to the expenditure of all funds. This court stated:

"The General Assembly expressly placed the administration of the general assistance program upon the supervisor. [Citation.]

Specifically the supervisor is required to 'provide public aid to all persons eligible for aid therefore under Article VI of [the Public Aid] Code \*\*\*.' (Ill. Rev. Stat. 1973, ch. 23, par. 12—21.8.) \*\*\* [While] the supervisor's provision for the poor was subject to rules and regulations of the board of town auditors [city council], \*\*\* [t]his limitation, however, does not go to the supervisor's authority to set the basic maintenance level. The board of town auditors are given accounting, auditing, and taxing but not administrative powers under the Public Aid Code and the Township Organization Act. \*\*\* It is within this statutory framework that the board of town auditors may make rules and regulations binding upon the supervisor. The authority to establish the basic maintenance level does not fall within any of the board of auditors' powers but is simply a matter of administration of article VI of the Public Aid Code which is expressly placed upon the supervisor by the legislature. *Where the intent of the legislature is expressed clearly in the language of the statute, there is no room for judicial interpretation. [Citation.] Thus, the supervisor has the lawful authority to administer the general assistance program which includes the establishment and/or revision of the basic maintenance level unhampered by the rules and regulations set by the board of town auditors."* (Emphasis added.) 39 Ill. App. 3d 419, 424-25, 350 N.E.2d 70, 74-76.

In *Johnson,* we also specifically rejected an argument similar to that which defendant makes here. There, the city council had argued that the legislature conferred a general responsibility on the city council to exercise all powers of local government, that these general duties overrode the specific grant of authority to the supervisor, as conferred in a different statute, to set the basic maintenance level of assistance. We observed in *Johnson:*

"It is a settled rule of statutory construction that where there is found in a statute a particular enactment, it is held to be operative as against the general provisions on the same subject either in the same act or in the general laws relating thereto. [Citations.] \*\*\* [T]he power to establish the basic maintenance level is delegated to the supervisor as part of the administrative duties of the general assistance program and this specific grant of power is continued by section 131 [Ill. Rev. Stat. 1973, ch. 139, par. 5] regardless of the general grant of power to the city council by section 130 [Ill. Rev. Stat. 1973, ch. 139, par. 4]." 39 Ill. App. 3d 419, 426, 350 N.E.2d 70, 76.

We believe this is the same situation presented here. The General Assembly has the constitutional authority to specifically grant the power and duty to the town supervisor to operate the public assistance program of the town of Lyons, to appoint such employees as the supervisor may deem necessary to carry out the program and to determine their duties and compensation. Section 12—21.2 of the Public Aid Code expressly confers this power upon the township supervisor. Thus, under the authorities cited above, we find that the legislature exclusively granted this power to the supervisor, even though the board of trustees has the general responsibility for adopting a combined budget and appropriation ordinance for the entire local governmental entity, *i.e.*, the town of Lyons.

The only case that the defendant has found to the contrary is *People ex rel. Effertz v. Brzezinski* (1968), 91 Ill. App. 2d 202, 234 N.E.2d 386, which was actually a statutory construction case and not a case involving a challenge to the town board's exercise of legislative power as here. *Effertz* involved the question of whether, after the citizenry had voted to establish and maintain a public library, the village board or corporate authorities had a ministerial duty to appropriate and levy taxes in accordance with the amounts requested by the library board. The court there held that, under the specific language of the statute at that time, the village board did not have an obligation to follow the dictates of the library board. However, following the decision in that case the General Assembly amended the Public Library Act (Ill. Rev. Stat. 1975, ch. 81, par. 3—1 *et seq.*) to clearly indicate that the village board or corporate authorities were under a duty to pass the appropriation and tax levy exactly as requested by the library board. (See *City of Rockford v. Gill* (1978), 60 Ill. App. 3d 94, 376 N.E.2d 420.) Accordingly, we do not find this case persuasive authority for the defendant's position here.

Thus, for the reasons set forth above, we reverse the trial court's judgment dismissing the plaintiff's complaint, and remand the cause with directions to reinstate the plaintiff's case and for further proceedings consistent with this opinion.

Reversed and remanded.

BUCKLEY and MANNING, JJ., concur.